142 So.2d 866 (1962)
ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Joseph C. SHEMWELL et al., Defendants-Appellees.
No. 9752.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1962.
Ferris & Achee, Shreveport, for appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff, Allstate Insurance Company, brought suit against Joseph C. Shemwell and his insurer, State Farm Mutual Insurance Company, for property damage sustained by plaintiff's insured, Clifford Naquin, as a result of an intersectional collision between Naquin's vehicle and an automobile owned by Shemwell. Plaintiff paid its insured's damage less the $100 deductible feature of the property damage policy and was subrogated to the rights of Naquin. From a judgment rejecting its demands, plaintiff has appealed.
The record in this case consists of the pleadings, depositions, police report, and stipulations of counsel. As the judge below had no opportunity to hear or observe *867 the witnesses, the well-established rule of according great weight to his factual conclusions is not applicable.
The record reveals Clifford Naquin was driving his vehicle north on Fairy Street in the City of Shreveport while John Shemwell, Joseph Shemwell's son, was driving the Shemwell automobile east on Fulton Street. Mr. Naquin testified by deposition he approached the intersection at about 20 miles per hour, slowed down and entered same. After advancing into the intersection, he stated he saw the other vehicle approaching from his left and tried to avoid the accident by applying his brakes but was unable to do so. This statement was corroborated by the testimony of James Norris, a young boy who was operating a motor scooter and had momentarily stopped at the intersection. Young Norris further testified the Naquin car entered the intersection prior to the other vehicle which was traveling at a higher rate of speed than the Naquin car. The depositions of John Shemwell and his passenger do not contradict this testimony.
John Shemwell testified he did not see the car approaching from his right but did see and was looking at the motor scooter to his left as he entered the intersection.
This intersection was controlled by "Slow" signs posted at all four entrances thereto, but the intersection was a neutral one in that it was not controlled by "Stop" signs or signal lights. As the automobile insured by plaintiff was approaching from Shemwell's right, a right of way was accorded to the Naquin vehicle under Section 19-46(a) of the City Code of Shreveport which provides:
"When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have."
Therefore, we conclude the principle announced in Noonan v. London Guarantee and Accident Co. (La.App. 2 Cir., 1961) 128 So.2d 918 is controlling. In that case, the only superior right of way involved was that granted by statute to the motorist approaching the intersection from the right and the court held:
"Applying the facts of this case to the law as outlined above, we have no difficulty in agreeing with the trial court that the defendant's insured, Dr. Legler, was negligent in entering the intersection without stopping or looking to his right when he was traveling on the inferior street; and that such negligence was the proximate cause of the accident. On the other hand, we do not find the plaintiff, Mrs. Noonan, guilty of any negligence which contributed to this accident by her failure to observe the approach of Dr. Legler's vehicle until it was too late to avoid the collision. Having the right of way, she could have only been guilty of negligence which would have been a proximate cause of the accident by a substantial dereliction of her duty, which we do not find from the facts of this case. * * *"
Under the circumstances of this case, we find no substantial dereliction of duty by Mr. Naquin, but to the contrary, conclude the negligence of John Shemwell in failing to accord the Naquin vehicle the right of way was the sole and proximate cause of the accident.
The judgment of the lower court is reversed and set aside and judgment is now rendered in favor of Allstate Insurance Company against defendants, Joseph Shemwell and State Farm Mutual Insurance Company jointly and in solido for the sum of Six Hundred Ninety-four and 83/100 ($694.83) Dollars with five percent per annum interest thereon from judicial demand until paid and for all costs of these proceedings.
Reversed and rendered.