CHASEZ, Judge.
This is a suit in tort brought by Charles R. Miller for damages to his car, medical expenses and loss of earnings of his wife, and by his wife, Bessie, for personal injuries resulting from an automobile accident in Marrero, Louisiana, on June 17, 1961, at approximately 3 :20 o’clock p. m.
Defendants, Mrs. Fran W. Judice, and her automobile liability insurer, Allstate Insurance Company, filed an exception of no right or cause of action urging that the matter had been compromised and that plaintiffs had signed a release. This exception was overruled by the trial judge and the case was tried on the merits.
The lower court set the release aside, found both drivers, Mr. Miller and Mrs. Judice, guilty of negligence and awarded $2,000.00 to Mrs. Miller for her personal injuries.
Defendants have appealed on the grounds that (1) the release was valid, (2) Mr. Miller was solely negligent and (3) the award to Mrs. Miller was excessive.
The record reveals that Allstate Insurance Company was the insurer of both the Miller car and the Judice car. An adjuster for the insurance company called upon plaintiffs shortly after the accident and paid Mr. Miller $67.10 which was the amount of his wife’s medical expenses to date and Mrs. Miller $93.02, which was the amount of property damage to the Miller car. At this time plaintiffs signed the alleged release.
Both plaintiffs and their fifteen-year old grandson testified that Mr. Robelot, the adjuster, stated that plaintiffs were not signing a release but merely acknowledging receipt of a check for damages to their car and Mrs. Miller’s medical bills to date.
On the other hand, Mr. Robelot testified that he told the Millers that the document was a release of claims for damages against Mr. Judice.
Because Mr. Robelot represented the insurer of both automobiles, it was his duty to make clear to plaintiffs their rights under both policies. It is evident from his testimony that he could not advise them of their rights under their own policy as he did not know what their policy covered. He thought they had a $100.00 deductible clause on collision whereas in fact they had a $50.00 deductible clause. Further, the purported release was not final inasmuch as Mr. Robelot told plaintiffs that Allstate Insurance Company would reimburse Mrs. Miller for any future medical expenses she would' incur as a result of the accident and the company in fact did so.
Both the property damage to the Miller car and Mrs. Miller’s medical bills covered under the release were community debts payable only to Mr. Miller. As Mrs. Miller could not release the insurance company from this liability, her signature on the release was ineffective. Mr. Miller could not, by his signature, release the insurance company from liability for his wife’s personal injuries.
The issue, therefore, is whether the document which plaintiffs signed did release the insurance company from liability for Mrs. Miller’s personal injuries. A re *717 view of the record discloses that the trial judge clearly resolved this issue in favor of plaintiffs; his reasons for so doing, which we approve and adopt, read as follows :
“If I thought that Mr. Robelot had deliberately misled these people I would have no hesitation in saying so, but I don’t think he did. I think there was a misunderstanding here, I think in view of the fact that Allstate Insurance Company had the insurance on both automobiles, and on the automobile of the other car involved there was a particular duty to make clear to these people, not only their rights under their own policy, but the possible obligation of the same company under the other policy. They should have known and clearly explained to them that under their policy they were entitled to so much without question, because the medical pay and the collision is payable due to the fact that it is incurred not through fault; that wasn’t done in this case, because it couldn’t be done. Mr. Robelot did not know what their deductible was, he couldn’t advise them what their rights were under their own policy. The release that was executed was not a final release, the door was open for additional medical payments, and additional medical payments were made. As I read the release it’s a little tricky, it’s a release only up until the present time particularly on account of all personal injuries, disability, and property damage which left it open for medical payments, and I am convinced that these people did not understand what they executed, by this release. The endorsements on the checks to me are unimportant, because after the first check saying it was a full and final check was endorsed, additional payments were made. I hold the release is invalid, and the plaintiffs have a right to proceed with the suit. I overrule the exceptions.”
As the defendants contend, our Civil Code provides that a compromise or transaction has, between the interested parties, a force equal to the authority of things adjudged, and it cannot be attacked on account of any error in law or any lesion. LSA-Civil Code Article 3078. However, the Civil Code also declares:
“Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
“The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises.” LSA-Civil Code Article 3073.
“A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence.” LSA-Civil Code Article 3079.
We agree with the trial judge that plaintiffs neither thought nor intended that the document they signed would release the insurance company from Mrs. Miller’s claim for personal injuries and thus conclude that it is without effect because of error of fact.
The defendant insurance company further argues in its brief to this court that the release cannot be set aside because plaintiffs have not tendered a return of the money paid thereunder. However, there was no pleading raising this issue and no definite evidence in the record showing whether plaintiffs did or did not offer to return the money. Under the circumstances, the Supreme Court has held the argument without merit. Moak v. Ameri *718 can Automobile Insurance Company, 242 La. 160, 134 So.2d 911. In addition, in the instant case the Miller car, as well as the Judice car, was insured by defendant Allstate Insurance Company. Mr. Miller would expect to be paid under his own policy for his wife’s medical expenses and property damage to his car regardless of fault.
Next it is contended by defendants that Mr. Miller’s negligence was the sole cause of the accident while plaintiffs urge that only Mrs. Judice was negligent. The collision occurred at the intersection of Fourth Street and Barataría Boulevard where Fourth Street deadends. Traffic on Fourth Street must turn either right or left. Both vehicles were stopped for the signal light, the Judice vehicle in the right lane and the Miller vehicle to its right. When the light changed both turned right and the collision occurred. It is undisputed that both cars were proceeding very slowly at the moment of the impact.
Mrs. Judice testified that she did not see the Miller car to her right. She was aware of the fact that vehicles used the portion of the roadway to her right for . right turns. This part of the roadway is paved but the evidence is not clear as to whether it is part of the street or a paved shoulder. However, she claimed' that she looked to her right but did not see the Miller car. She was therefore negligent in failing to see what she should have seen. Romans v. New Amsterdam Casualty Co., La.App., 137 So.2d 82; and Alvares v. Rush, La.App., 108 So.2d 797.
Mr. Miller..testified .that he saw the Ju-dice car stopped for the red light but expected it to make a left turn. When the arrow for the right turn came on, both drivers started their cars and the collision occurred. Had either looked to see what the other would do, the accident would have been avoided.
We 'agree with the finding of the trial judge that, the concurring negligence of Mrs. Judice and Mr. Miller in failing to observe what they should have observed caused the accident.' In his reasons he states:
“This suit results from an automobile accident which occurred on June 17, 1961, at the intersection of Fourth Street and Barataría Boulevard. Fourth Street deadends at said intersection and traffic thereon must turn either right or left. Both vehicles were stopped on Fourth Street for a signal light, the Judice vehicle in the right lane and the Miller vehicle to its right. When the light changed both executed a right turn and the collision resulted.
“Mrs. Judice testified that she did not see the Miller car on her right. She knew vehicles used the right portion of the roadway, which may have been the shoulder, the evidence not being clear on this point, for right turns. She was negligent in failing to see the Miller car. Miller -saw the Judice car but expected it to make a left turn. The front of his vehicle was involved in the accident and he was negligent in failing to see the Judice vehicle in his path. Both drivers simply drove their vehicles into each other. Had either one looked the accident would have been avoided.”
We likewise quote the trial court’s written reasons which accurately appraise the quantum of damages:
“The contributory negligence of plaintiff Miller was properly pleaded by defendant and bars his recovery., but is not a bar to recovery.by Mrs. Miller. Mrs. Miller was a passenger in the vehicle and the negligence of the driver' is not attributable to her. She is entitled to judgment, the sole question being quantum.
“The Court is satisfied from 'the -evidence that neither vehicle was travel-ling at a fast rate of speed. On the contrary the vehicles were proceeding *719 very slowly when the accident occurred. The impact was not severe. Mrs. Miller, at the time of the accident, was not a well person. She was suffering from diabetes, hypertension and a heart condition. Her apparent injuries were contusions of the neck, back and hip. Her treatment by Dr. Sutton was entirely for diabetes, hypertension, heart condition and nerves, the contusions were not treated. Dr. Sutton related her symptoms to her nervous condition, not to the contusions. The doctor testified both the diabetic condition and hypertension are controllable but not curable.
“Dr. Caruso testified he treated Mrs. Miller with heat, tranquilizers and muscle relaxants. He only saw Mrs. Miller twice after the accident, once the day following and the next time about three weeks before the trial. His statement for treatment was $35.00 and Dr. Sutton’s approximately $125.-00.
“Although Mrs. Miller testified to present nervousness in riding in automobiles, she apparently rides in automobiles quite often. Nor does the Court consider that the evidence is sufficient to hold that Mrs. Miller is unable to work as a result of this accident. Her loss of wages are not recoverable, being a community obligation which the husband cannot recover by reason of his own negligence, but her disability to work, if' resulting from the accident would have a bearing on quantum.
“The evidence reveals that Mrs. Miller fainted after the accident. Her prior condition was not per se aggravated by the contusions she sustained in the accident, but rendered her more susceptible to the nervous condition which developed thereafter as a result of said accident. For this she is entitled to recover, as it is a well settled rule of law that a tortfeasor takes his victims as he finds them.
“All circumstances and facts considered, the Court is of the opinion that an award of $2,000.00 should amply compensate Mrs. Miller for the contusions, bruises and state of anxiety resulting from this accident.”
The judgment of the lower court is affirmed. All costs of this appeal are assessed to defendants-appellants.
Affirmed.