CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries received in an automobile accident by his two minor daughters, Abigail Hagan and Janice Ann Hagan. The sole issues on appeal are the amounts of the awards, of $1500 to Abigail and $1750 to Janice, for general damages.
The facts show that the accident occurred on October 18, 1960. The automobile, in which the two injured minors were passengers, was stopped on the highway when it was struck from the rear by another vehicle. These young ladies, who were 18 and 17 years of age respectively, received similar injuries, i. e., sprains of the cervical spine (whiplash injury) and lumbar spine. In addition, Abigail received a contusion and hematoma of the left leg.
We see no need to discuss in detail the evidence concerning the extent of injuries, medical treatment and uneventful recovery. The trial judge has done this in a well considered and detailed written opinion. Briefly stated, the facts are that these young ladies suffered no pain immediately after the accident, but within about an hour they began to experience neck, head and back pain. The day after the accident both were seen by Dr. E. A. Byrd. He diagnosed each case as acute sprain of the cervical and lumbar spine and placed both young ladies in the hospital in traction. His prognosis was that they would recover, without residual, in about 12 weeks after the accident.
Abigail was in the hospital 10 days. On her release she had an uneventful recovery, with diminishing periodic pain lasting about 6 months. The evidence shows that during the latter part of November, 1960, which was about one month after the accident, she started work at a concession stand in a theater where she continued to work up to the day of trial.
Janice was in the hospital for 6 days initially, but then was reádmitted on November 4, 1960 for 9 days, making a total of 15 days in the hospital. On her release she returned to school and has been able to carry out her school duties. She suffered diminishing periodic pain for a similar period of about 6 months.
Both young ladies were examined by Dr. Charles V. Hatchette on January 5, 1961 and again on about June 5, 1961. His opinion was that both recovered without residual within the stated period of 6 months.
These young ladies were also examined by Dr. Daniel M. Kingsley on June 16, 1961 and his opinion was that both had completely recovered without residual.
After carefully reviewing the record, we find that it amply supports the conclusions of the trial judge, which are stated in his written opinion as follows:
“Considering the medical testimony, it is the opinion of this Court that Abigail’s injuries were moderate and were cured without residuals in the matter of several weeks. This Court believes that an award of $1500.00 to Abigail Hagan for her injuries, pain and suffering is adequate and in keeping with the jurisprudence which has been summarized in Grady v. Snow [La.App.], 149 So.2d 172 [175].”
‡ ‡ *
“Again, this Court is of the opinion that Janice’s whiplash injuries were moderate and were cured without residuals in a matter of weeks. She was able to attend school, except for the fifteen days when she was in the hospital, and she completed her senior year in school in routine fashion. Because her stay in the hospital was longer than the time spent by her sister Abigail, this court believes that Janice is entitled to a slightly higher award than the one made to Abigail. Consequently, an award of $1750.00 to Janice Hagan for her injury, pain and suffering is believed by the court to be adequate considering the jurisprudence and *75 awards in like cases as summarized in Grady v. Snow, supra.”
The amounts of these awards were clearly within the range of the great discretion of the trial judge as to quantum. Ballard, et ux v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.