REID, Judge.
Plaintiffs Rayln J. Boudreaux and Lazin Boudreaux filed this suit against the defendant The Fidelity and Casualty Company of New York, insurer of a 1964 Buick owned by George B. Wain. The suit is for damages arising from an automobile accident at Lafayette, Louisiana on August 18, 1965 when George B. Wain operating his Buick ran into the rear of a 1951 Ford automobile owned by Lazin Boudreaux and operated at the time by his son, Rayln J. Boudreaux. Rayln J. Boudreaux seeks to recover damages for injuries he sustained and medical expenses incurred as a result of the accident and Lazin Boudreaux seeks to recover damages to his car.
The Lower Court rendered judgment in favor of the plaintiff Rayln J. Boudreaux in the full sum of $1668.10, plus legal interest from date of demand until paid, and in favor of Lazin Boudreaux in the full sum of $100.00 plus legal interest from date of judicial demand until paid, and all costs, and taxing as costs the sum of $45.75 for the deposition of Dr. Charles W. Boustany and an expert witness fee of the same doctor for $50.00, both judgments against the defendant.
From this judgment the defendant has appealed herein.
The only issue in this case is the question of quantum. The defendant claimed that the amount awarded for pain and suffering in the sum of $1500.00 is excessive and should be reduced to $500.00 plus the special damages.
Plaintiff did not feel that he was seriously hurt at first. He had a torn vein in his left arm and his shins were bleeding and he was “shook-up”. His neck began to get stiff and give him pain and he went to see Dr. Charles Boustany, the first time on August 20th, 1965. Plaintiff continued seeing Dr. Boustany until April 27th, 1966.
Dr. Boustany’s testimony was not taken but his deposition was filed in the record. Plaintiff was also seen by Dr. William Louis Meulman of Lafayette, an orthopedist, whose testimony was not taken either but his written report was filed in the record.
According to Dr. Boustany plaintiff was initially suffering from soreness in the neck, particularly in the stermocleidomas-toid muscle, soreness in swallowing, soreness in the left arm, right shin and left shin. He prescribed a combined muscle relaxant, analgesic type drug and stated that he probably asked the patient to use some heat of some form or another on his neck. He saw the plaintiff on August 27th when he found that he was still suffering with a good bit of soreness in the lower portion of his neck, more to the rear and posterior part of the neck, and having headaches. The x-rays were essentially negative.
Dr. Boustany saw the plaintiff on September 3rd, 20th, November 16th, December 22nd, 1965 and February 4th and March 16th, 1966, during all of which time plaintiff continued to complain of soreness in the neck and having headaches.
After Dr. Boustany saw plaintiff on March 16th, 1966 he advised him to see an orthopedic surgeon and made arrangement for him to be examined by Dr. William Louis Meulman of Lafayette. Dr. Meulman’s examination showed negative in all respects. He had film studies made on April 13, 1966 which were essentially negative and found no muscle spasms present *925 at that time. Dr. Boustany saw plaintiff for the last time on April 27th, 1966 and he was still having some headaches and pain in the shoulder.
In the summer of 1966 plaintiff roughnecked in the oil field and experienced pain on looking straight upward into the derrick. In addition his wife testified that there were numerous complaints of pain.
The appellant cites numerous cases where the awards ran from around $300.00 to $700.00 range.
Plaintiff considers the plaintiff’s award to be conservative in the light of Harvey v. Indemnity Insurance Company of North America, La.App., 147 So.2d 925; Doyle v. McMahon, La.App., 136 So.2d 89; Miller v. Judice, La.App., 149 So.2d 715; Sievers v. Shreveport Transit Company, La.App., 137 So.2d 453; Barras v. Fidelity and Casualty Company of New York, La.App., 152 So.2d 74, and Ford v. State Farm Mutual Automobile Insurance Co., La.App., 139 So.2d 798.
The plaintiff appellee did not appeal, nor did he file any answer to the appeal seeking an increase in the award.
We feel that the Trial Judge’s award was not manifestly erroneous, does not show any abuse of his discretion, and the same is hereby affirmed, at appellant’s costs.
Affirmed.