SARTAIN, Judge.
Plaintiffs, Mrs. Jean Hartman Curry and her husband, Kenneth Curry, bring this action for personal injuries and related medical, hospital, therapeutic and other expenses resulting from an automobile accident which occurred in St. Mary Parish, Louisiana, on April 12, 1972.
At the trial on the merits the defendant admitted liability leaving only the question of quantum to be resolved.
The trial judge rendered judgment in favor of Mrs. Curry in the amount of $7500.-00 for personal injuries, and in favor of Mr. Curry in the amount of $1198.09 for expenses allegedly incurred as a result of the accident. Both parties have appealed.
Plaintiffs contend that the trial judge erred in not allowing special damages for treatment received by Mrs. Curry in 1969 and in 1970 and that the award for personal injuries should be increased to the sum of $10,000.00. The defendants, on the other hand, argue that the award of $7500.00 to the plaintiff is grossly excessive and should be reduced to the sum of $2500.00. Defendants further complain that the reimbursement of travel expenses to Mrs. Curry for the purpose of permitting her to be deposed for discovery purposes was improper.
Under the circumstances of this case we find that the award of $7500.00 for personal injuries is excessive and should be reduced to $4750.00 and that the amount of travel expenses for Mrs. Curry should not have been allowed.
On the day of the accident, April 12, 1967, Mrs. Curry was taken to the Lakewood Hospital in Morgan City, Louisiana, where she was attended by Dr. Thibo-deaux. The following day she was transferred to New Orleans and received treatment at Mercy Hospital where her attending physician was Dr. S. J. LoCoco. She remained at Mercy Hospital for four days.
Dr. LoCoco’s testimony is to the effect that she sustained acute strains to the cervical and lumbosacral spine. Initially there was a decreased range of motion in both of these areas, pain on motion, and muscle spasm. On several occasions it was necessary that plaintiff be catheterized to permit urination. The doctor further prescribed muscle relaxants and analgesics to relieve pain and discomfort. On discharge from the hospital she was told to remain in bed at home. He next saw her on April 24th and noticed little change in her condition so he prescribed physiotherapy. His *713 prognosis was that there would be no residual disability but that plaintiff was totally disabled for a period of four weeks and partially disabled for a period of six weeks. He discharged her from his care on May 22, 1967, on which date she was asymptomatic. He last saw her on August 18, 1967, when she complained of low back pain. His examination revealed no abnormalities. He prescribed medication and told her to return in two weeks if she encountered any further difficulty. She did not return.
In awarding plaintiff the sum of $7500.-00 for the injuries above related, the trial judge cited Addison v. Traders & General Insurance Co., 212 So.2d 754 (3rd La.App.1968); Collier v. Firemans Fund Insurance Co., 225 So.2d 9 (4th La.App.1967); and Ardoin v. Travelers, 229 So.2d 426 (3rd La.App.1969).
Defendants contend that the cases cited by the trial judge relate to injuries far in excess of those sustained by the plaintiff and cite numerous cases where injuries for acute cervical and lumbosacral strains such as received by the plaintiff contain awards ranging from $1500.00 to $2500.00. In most of the cases cited by defendants we note that hospitalization was not required.
The assessment of damages for personal injuries is a matter which addresses itself to the sound discretion of the trial judge. C.C. Art. 1934(3). It is only in the instance where the award by the trier of fact clearly evidences an abuse of such discretion that said award is modified on appeal. It is pertinent to review other cases involving similar injuries but only for the purpose of determining whether the award in question is grossly excessive or inadequate and not for the purpose of maintaining uniformity of awards because each individual case must be determined on its merits.
In the case at bar we are of the opinion that where an individual has sustained acute strains to the cervical and lumbosacral areas, hospitalized for a period of five days, and completely asymptomatic within a period of ten weeks, that a reasonable award for such injuries, pain and discomfort is $4,750.00.
We concur in the conclusion by the trial judge that the difficulties complained of by the plaintiff in September of 1969 (29 months after the accident) neither relate to nor grow out of the accident which gave rise to her initial injuries on April 12, 1967. Our examination of medical testimony confirms that of the trial judge when he held that plaintiff had failed to prove a causal relation between the accident and these latter complaints. Accordingly, the judge a quo declined to grant Mr. Curry judgment for medical expenses incurred by Mrs. Curry in the latter part of 1969 and the early part of 1970.
We now turn to the question of special damages. Although the damages were not itemized, defendants complain of only two items, namely, one to United Airlines for $135.50 and another to Hertz for $88.67.
Following Mrs. Curry’s recovery and before the trial of this matter plaintiffs moved to Pennsylvania. The defendant sought to take Mrs. Curry’s deposition in Franklin, St. Mary Parish, on October 10, 1968. Mrs. Curry flew from her home in Pennsylvania to New Orleans and rented a car to drive to Franklin in order that she might respond to the notice to appear for her discovery deposition. The record does not reveal that any objection was made prior to her appearance at the appointed place and time for the deposition. During the course of the trial on the merits these two items were submitted as proper court costs and ultimately were taxed as such and judgment was rendered in favor of Mr. Curry and against the defendants for these sums.
We are of the opinion and so hold that failing to timely object to the notice to appear for the purpose of taking the deposi *714 tion, plaintiff acquiesced therein, and cannot later claim that these were such expenses as could be taxed as costs of court under R.S. 13:4533.
As a basic proposition a plaintiff in a lawsuit is expected to make himself available to the defendant for discovery purposes. In the event such a request appears to be unwarranted or the information sought can be obtained by other means, i. e., interrogatories, etc., the trial judge may permit alternate means of discovery. Thus, while the cost of the deposition itself is a proper item to be taxed as costs, travel expenses of a litigant is not. Succession of Franz, 242 La. 875, 139 So. 2d 216 (1962).
Accordingly, for the above reasons the judgment herein in favor of Mrs. Curry is reduced from $7500.00 to $4,750.00 and as amended, is affirmed; the judgment rendered herein in favor of Mr. Curry in the amount of $1189.09 is reduced to the sum of $964.92 and as amended is affirmed. All costs of these proceedings are assessed against the defendants.
Amended and affirmed.