EVERETT, Judge.
This is an action by Harold L. Hale and Edwina Alexander Hale, husband and wife, for the recovery of special damages and damages for personal injuries sustained in a two vehicle collision which occurred in the City of Slidell on February 12, 1966.
Mrs. Hale was motoring in a southerly direction on Front Street in Slidell accompanied by her minor child. She stopped at a red light near the intersection of Fre-meaux Avenue and, although her testimony is not precise, it appears that after the traffic signal turned to green, she travelled some short distance, giving a signal to turn left at the next intersection. Another car was coming from the opposite direction which necessitated her waiting and while waiting to turn left, she was struck from the rear by the vehicle being driven by Robert B. McCoin, Jr. who was also travelling in the southbound lane on Front Street.
Although we do not have the benefit of photographs, the testimonial evidence, findings related by the investigating officer and the bill for property damage indicate that the collision was not serious. An examination of the record further discloses that, despite some testimony concerning an emergency situation, this colli *724 sion was caused by the actions of Robert B. McCoin, Jr. We affirm the conclusions of the District Court relative to liability.
Having concluded that the District Court was correct as to liability, we now turn to the providence of the District Court in granting Mrs. Hale the award of $3,000.00, as well as special damages to Harold E. Hale.
It is undisputed that Mrs. Hale did not see a physician until July 16, 1966, approximately 5 months following the accident. At that time she was examined by Dr. Richard R. Howard of Slidell who saw her several times during and between July of 1966 and February of 1967. The deposition of Dr. Howard was taken subsequent to trial in the District Court and this deposition appears as part of the record. The deposition of Dr. John L. Kennedy also appears in the record; however, an examination of that testimony reveals that Dr. Kennedy has not seen Mrs. Hale since the accident but examined her several times between October 8, 1960 and May 6, 1965. Mrs. Hale consulted Dr. Kennedy on several occasions complaining ' of headaches. On two occasions X-rays were taken which revealed no abnormality of the cervical spine area which might have caused the headaches which were the principal basis of her complaints.
Essentially, we are concerned with the testimony of Dr. Richard R. Howard of Slidell, a specialist in internal medicine, who saw Mrs. Hale several times after the accident. Her initial complaints were of sharp pain of the right side of the neck, radiating down the right shoulder and arms, with some numbness of the fingers and hands. She was treated with diatherm therapy and her progress was followed for several months.
We feel that Dr. Howard attempted to be very fair in his testimony, although several of his responses to questions from respective counsel might seem conflicting if taken out of context. However, the reading of the entire deposition reveals that Dr. Howard concluded that the complaints registered by Mrs. Hale stemmed from the injury of February 12, 1966 and they were in the nature of a “whip-lash” injury.
The courts of Louisiana have considered this type of injury on numerous occasions and there has been a studied attempt to classify them as being mild, moderate or severe, with awards usually resting on the length of suffering, time spent in the hospital, residual disability and time absent from work, as well as the degree of severity. In Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967), the Supreme Court of Louisiana took the opportunity to review several decisions involving whip-lash injuries and held that awards in cases involving similar injuries were relevant only to determine whether or not the award is so excessive or inadequate as to constitute an abuse of discretion. That case, as well as many others, has held that each case must stand on its own merits and each should be examined in the light of foregoing standards.
In this matter, we feel that the award of $3,000.00, plus special damages was excessive and amend the judgment of the District Court to award the amount of $1,500.00 plus special damages as fixed by the District Court. See also Valenti v. Courtney, 206 So.2d 579 (La.App. 1st Cir., 1968); Boudreaux v. Fidelity & Casualty Co. of New York, 210 So.2d 923 (La.App. 1st Cir., 1968); Warr v. Kemp, 208 So.2d 570 (La.App. 3rd Cir., 1968); Waldo v. Toye Brothers Yellow Cab Company, 210 So.2d 125 (La.App. 4th Cir., 1968); Folse v. Spruell, 203 So.2d 908 (La.App. 1st Cir., 1967); Kings v. Travelers Insurance Co., 188 So.2d 236 (La.App. 2nd Cir., 1966); Hagan v. Home Indemnity Company, 183 So.2d 73 (La.App. 3rd Cir., 1966) and Jones v. Rodgers, 179 So.2d 674 (La.App. 2d Cir., 1965).
All costs of this appeal are to be paid by defendants-appellants.
Affirmed, as amended.