271 So.2d 882 (1973)
Mohamad and Ahmad ABU ALI
v.
John M. GUILLORY et al.
No. 5166.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1973.
Rehearing Denied February 6, 1973.
*883 Carl O. Brown, Jr., New Orleans, for plaintiffs-appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, R. Henry Sarpy, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, CHASEZ and STOULIG, JJ.
STOULIG, Judge.
Plaintiffs, Mohamad Abu Ali and Ahmad Abu Ali, have brought this appeal from a judgment dismissing their tort action, for property damages and personal injuries arising out of an automobile accident, against John M. Guillory, New Orleans Public Service, Inc., and Travelers Insurance Company.
The merits of this appeal involve exclusively a question of fact. Under the usual circumstance where all testimonial evidence is adduced in the presence of the trial judge, the manifest error rule, relating to his findings of fact based upon his evaluation of credibility of witnesses, applies. However, in the instant matter the trial judge, in his reasons for judgment, indicated that he relied heavily on the written deposition of "the only independent eyewitness" in finding for the defendant. The deposition having been taken in California, the trial judge was not afforded the opportunity to observe the demeanor of the witness. Therefore, under the existing jurisprudence the manifest error rule does not apply, the trial judge being in no better position to assess credibility than this court. Levy v. Graffagnini, 255 So.2d 422 (La. App. 4th Cir. 1971); Smith v. West Calcasieu-Cameron Hospital, 251 So.2d 810 (La.App.3d Cir. 1971); Allstate Insurance Company v. Shemwell, 142 So.2d 866 (La. App.2d Cir. 1962).
Additionally, this court in the recent case of Blue Streak Enterprises v. Cherrie, 263 So.2d 734, 737 (1972), stated:
"* * * [T]he written document in the record before us, supporting the testimony of one witness over the other by its plain terms, makes the question one of preponderance of the evidence rather than credibility of witnesses. On probative value of testimony, the findings of the trial judge will not be taken as conclusive. [Citations omitted.] The rule that the judgment of the trial court on questions of fact will not be disturbed unless manifestly erroneous is not applicable here, since the question is one of sufficiency and preponderance of evidence rather than credibility of witnesses. * * *"
Applying the above appellate principles governing credibility and preponderance, we are now required to evaluate the testimonial and documentary evidence presented *884 in this case, and to relate it to the physical circumstances of the accident.
The accident occurred on U. S. Highway 61 (Airline Highway) in the immediate vicinity of its intersection with Louisiana Highway 628. At the site of the accident the Airline Highway consists of four lanes, two for westbound traffic toward Baton Rouge and two for the eastboundNew Orleans traffic. The opposing sides of the highway are separated only by double yellow stripes, in lieu of the customary neutral island, with white lines of demarcation between the individual traffic lanes. Louisiana 628 intersects U. S. Highway 61 on its southern boundary forming a T-configuration.
Both automobiles involved in the collision on the Airline Highway were proceeding in the same direction toward Baton Rouge. There were two vehicles stopped in the left westbound lane, the first of which was preparing to make a left turn into Louisiana 628. According to the plaintiffs, Mohamad Abu Ali had been operating his automobile in the left westbound lane and had come to a stop approximately 10 to 12 feet behind the second waiting vehicle (later determined to be the car of Alvin Jones). While in this stopped position, some 45 to 60 seconds later, plaintiff's vehicle was struck on the right rear bumper by defendant's car. To avoid striking the Jones automobile the plaintiff driver turned his steering wheel hard left and the force of the impact propelled his vehicle across the opposing traffic lanes. His car came to rest in the intersection of Louisiana 628, angled in the opposite direction toward New Orleans.
The defendant contends that he was driving in the right westbound traffic lane. As he approached the stopped vehicles in the left lane he became aware of the plaintiff's automobile drifting from the left lane into his path some four to six car lengths ahead. His forceful application of the brakes caused his vehicle to skid in a diagonal position, striking the right rear bumper of the plaintiff's car with the center of its left side. Mr. Guillory strenuously insists that at no time either before or after the collision did his vehicle leave the right traffic lane. Furthermore he testified that he was able to stop his car within a few feet of the point of impact almost in parallel alignment with the traffic lane. Thereafter he voluntarily moved his vehicle to the shoulder of the highway.
Defendant's version of the accident is supported in a few aspects by the deposition of Mr. Jones, who allegedly observed the entire occurrence in his rear-view mirror while stopped behind the first vehicle. However we find so many instances in which it is in conflict with the testimony of all of the other witnesses, including the defendant, in significant details, and so irreconcilable with the physical evidence, as to be lacking in any substantial probative value. For these reasons we are unable to repose the same confidence in this unreliable testimony as did the trial judge in arriving at the preponderance of evidence.
Our examination indicates that the testimony and the physical circumstances of the accident preponderate in favor of the plaintiffs' version. Three aspects of the evidence are exceptionally persuasive: the testimony of the disinterested state trooper who investigated the accident, the position of the vehicles after collision, and the defendant's own testimony.
The state trooper testified that the only skid marks at the scene were in the left lane with a small portion veering into the right lane. He determined that the accident happened in the left lane from the skid marks and the "direction of travel of the car [which he identified as Mr. Guillory's automobile] that did the hitting." The trooper stated that defendant's automobile was parked on the right shoulder of the highway in line with a projection of the skid marks. He unequivocally testified that the defendant admitted at the scene that the skid marks were his and that the collision occurred in the left lane.
*885 The relative position of the vehicles also makes it difficult to accept defendant's trial testimony that the accident occurred in the right lane. It is highly improbable that plaintiff's car, after impact in the right lane, could have come to rest in the intersection on the opposite side of the highway without striking one of the stopped vehicles in the left lane. It is far more reasonable to conclude that the plaintiff's vehicle was struck in the left lane and knocked diagonally across the opposing traffic lanes from behind the stopped vehicles, particularly in view of the testimony that plaintiff turned his steering wheel sharply left to avoid the car in front of him.
Mr. Guillory's testimony of the pattern of movement of his vehicle prior to and after impact is too extraordinary to be probable. Mr. Guillory acknowledged that his vehicle skidded sideways, but insisted it occurred in the right traffic lane. The investigating trooper found there was only one set of skid marks at the scene, extending some 35 to 40 feet in the left lane and veering an additional 10 feet into the right lane. Thus from this physical evidence it must be concluded that the primary skidding occurred in the left lane. These were the identical skid marks which Guillory admitted to be his at the scene of the accident. With the exception of the discredited deposition of Jones, there is no testimony by anyone that the plaintiff's vehicle skidded.
After carefully evaluating all of the evidence, we are of the opinion that it preponderates in favor of the conclusion that the accident occurred in the left westbound traffic lane and was caused solely by the failure of the defendant to timely observe the presence of plaintiff's stopped automobile. This negligence resulted in the collision which caused the injuries and property damage of which plaintiffs complain.
Appellant Mohamad Abu Ali sustained injuries diagnosed as minimal lumbo sacral strain and tendonitis, necessitating four office visits between December 26, 1968, and date of discharge on February 14, 1969. Treatment consisted of muscle relaxants, analgesics, and heat applications. During this period he was able to work daily for several hours thereby confirming the medical evaluation that the injuries would be discomforting but not incapacitating. An award of $750 will adequately compensate this plaintiff for the pain and suffering associated with these injuries.
Additionally Mohamad Abu Ali proved property damage of $100 (policy deductible), medical expenses of $78, and car rental charges of $380.50. Though alleged, he failed to prove any loss of income.
Appellant Ahmad Abu Ali received a minimal strain of the trapezius muscle. Three office visits were involved, and he received the same treatment for the same duration as his coplaintiff. He is entitled to damages in the amount of $500 for his injury and reimbursement of $27 of medical expenses. There is no evidence that this appellant was employed at the time of the accident or that his injuries were incapacitating.
For the reasons above assigned, the judgment of the trial court dismissing plaintiffs' suit is reversed. Accordingly judgment is rendered in favor of plaintiff Mohamad Abu Ali in the sum of $1,308.50; and in favor of plaintiff Ahmad Abu Ali in the sum of $527; and against the defendants John M. Guillory, New Orleans Public Service, Inc., and Travelers Insurance Company, jointly, severally and in solido; together with legal interest from the date of judicial demand until paid; and for all costs of the proceedings in both courts.
Reversed and rendered.