LEMMON, Judge.
This appeal involves an automobile accident in which a stopped vehicle was struck from the rear by a car driven by Mrs. Meiriel Hecker. State Farm Mutual Automobile Insurance Company, insurer of the stopped vehicle, paid the sum of $775.00 under its uninsured motorist coverage to a passenger, Miss Carrie Rickert, for her injuries sustained in the accident and then filed this suit, as beneficiary of the rights of Miss Rickert, to recover the amount of the payment. The trial court rendered judgment in favor of State Farm, and Mrs. Hecker appealed.
At the threshold Mrs. Hecker contends she was prejudiced by State Farm’s failure to obtain its insured’s consent and approval of the payment to Miss Rickert, or to notify Mrs. Hecker of the proposed settlement. As to the insured’s consent, she cites Coverage U — Uninsured Motorist, which provides in pertinent part:
“ * * * provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be *897 made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.” (Emphasis supplied.)
The apparent purpose of this provision is to require arbitration in the event the company and any person classified as an insured under the policy fail to agree on the determination of damages. One of the classifications of an “insured” under Coverage U is “any person while occupying an insured vehicle.” Therefore, only the person claiming damages as an insured, and not the named insured, is required to consent to any agreement on the determination of damages.
As to the necessity for the insurer to give notice of the agreement to the uninsured motorist, Mrs. Hecker does not cite any policy provision or positive law, but simply argues that fair play dictates some notice be given.
The agreement between Miss Rickert and State Farm on the amount of damages to which she was entitled affected only those two parties. They thereupon executed a trust agreement, which gave State Farm the rights of recovery that Miss Rickert had against any person legally liable for her bodily injury, and State Farm proceeded as beneficiary under those rights. Thus in the trial court State Farm was required to prove both liability and damages, and the court was free to award damages in an amount within its discretion, without regard to the amount of damages agreed upon between Miss Rickert and State Farm. Since Mrs. Hecker could not be prejudiced by the agreement, she was not entitled in law or in substantial justice to any notice thereof.
As to the award of the trial court, Mrs. Hecker contends that State Farm failed to prove Miss Rickert’s injuries resulted from the accident, or alternatively that the award was excessive.
In the accident the insured vehicle, while stopped for a red light, was struck and pushed forward about two feet. Mrs. Hecker claimed to have also stopped for the light but allowed her car to roll forward and collide. There was no damage to either vehicle, and the police were not called to investigate.
Although there was no damage to the vehicles, courts recognize that injuries can and do result from collisions of minimal force. Velasquez v. Richard, 243 So. 2d 308 (La.App. 4th Cir. 1971). The trial judge accepted the testimony of Miss Rick-ert, as corroborated by that of her host driver and the medical report entered into evidence by stipulation, that her injuries resulted from the accident. Upon reviewing the record, we find no manifest error in this determination.
About an hour after the September 10, 1970 accident Miss Rickert began suffering from pain in the back and both shoulders. At first she tried to treat herself, but finally consulted a physician about two weeks later. He prescribed medication for pain, which failed to provide relief. In an October 9 examination the doctor found severe tenderness in the shoulder joints and elicited complaints of pain on motion. He diagnosed exacerbation of preexisting osteoarthritis of the dorsal spine and shoulders as a result of the trauma. He prescribed injections and a regime of medication for the next five days. At a routinely scheduled appointment on December 17, 1970, Mrs. Hecker reported that she no longer experienced tenderness and that satisfactory relief had been provided by the medication. ■ The doctor’s bill, showing $15.00 in charges on October 9 and $38.00 on December 17, were filed into evidence by stipulation along with his medical report.
An award of $775.00 for exacerbation of preexisting osteoarthritis, where no relief was obtained during the first month *898 after the accident from home remedies or prescribed medications and where suffering subsided thereafter following injections and additional medication, is within the “much discretion” vested in the trial judge. C.C. art. 1934(3).
The judgment is affirmed.