WATSON, Judge ad hoc.
These consolidated law suits both claim damages for personal injuries allegedly incurred as the result of an automobile accident. On July 10, 1970, at about 9:45 a.m., defendant, Hosea Manuel, was driving a Ford automobile on Highway 190 at La-combe, Louisiana. His car was headed east. Plaintiff, Mrs. Vivian Buras Cusi-mano, was at the wheel of a Pontiac automobile which was stopped in the path of defendant’s automobile. The weather was rainy. Defendant testified that his brakes were wet, and his Ford slid into the rear of Mrs. Cusimano’s Pontiac. Mrs. Cusir mano testified that the collision caused injury to her back and left hip. Mrs. Audrey James Ragas, Mrs. Cusimano’s daughter, was a passenger in the Pontiac automobile at the time of the accident. Mrs. Ragas testified that she sustained back injuries as a result of the accident.
Travelers Insurance Company is the liability insurer of defendant, Hosea Manuel.
The trial judge found that “the accident was unquestionably the sole result of negligence on the part of Mr. Manuel”, and there is no dispute as to the liability of defendants. Mrs. Ragas was awarded $500.-00 for pain and suffering, and her husband was granted special damages of $127.43. Mrs. Cusimano received an award of $750.-00, and her husband was granted special damages of $189.24.
Plaintiffs have appealed contending that the amounts awarded are inadequate. The only question presented is whether the awards made by the trial judge are manifestly inadequate or within his discretion.
The sole medical evidence as to both plaintiffs is contained in the deposition of Dr. Walter Brent, an orthopedic surgeon practicing in the city of New Orleans, who was qualified by stipulation as an expert witness. Dr. Brent is the only physician who treated Mrs. Ragas and Mrs. Cusi-mano; he was not consulted by them until approximately two months following the collision.
Dr. Brent testified that he saw Mrs. Ragas on September 8, 1970. She complained of low back pain resulting from the accident of July 10, 1970. Dr. Brent “noted some tenseness of the muscle structure controlling the low-back area or the lumbar spine”. Her x-rays and other tests were essentially normal. Dr. Brent “felt she had residual of a low-back sprain”. She was discharged on November 10, 1970.
On September 8, 1970, Dr. Brent also saw Mrs. Cusimano. She had “tenderness at the sciatic notch on the left” and “tenderness at the lumbosacral angle”. When he saw her on September 22, 1970, “she had developed some mild limitation of the spine which I feel is objective”. He last saw Mrs. Cusimano on December 7, 1970. He testified that she had been a patient of his prior to the accident, and that he felt the accident of July 10, 1970, had probably activated her preexisting arthritis.
Counsel for plaintiffs vigorously urges that the manifest error rule of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), is not applicable since the only expert medical testimony is by deposition. While it is correct that the trial court was in no better position to assess the weight to ■ be given Dr. Brent’s deposition than this court, Abu Ali v. Guillory, 271 So.2d 882 (La.App. 4 Cir. 1973), it must be remembered that the trial court heard the testimony of the two plaintiffs and was in a position to evaluate their demeanor, to weigh their evidence, to judge their credi *805 bility and to make an assessment of damages at least partly on basis of their testimony.
While awards are not to be based on other cases, we have noted certain decisions involving similar injuries. Awards identical to those made by the trial judge are found in the case of Porter v. Sprawls, 227 So.2d 792 (La.App. 4 Cir. 1969). One party received $500.00 for a moderate neck and back strain and questionable muscle spasm on the left side. Another party received $750.00 for a sprained neck and shoulder with limitation of motion and muscle spasm. The latter went to a physical therapist 19 times and wore a cervical collar for a few weeks. It was noted that both of the injured parties waited until five days after the accident to see a physician and then at the suggestion of their attorney. These awards for injuries very similar to those in the instant case were found to be neither inadequate nor excessive.
An award of $600.00 for a whiplash of the spine was affirmed by this court in Dugas v. Achord, 238 So.2d 761 (La.App. 1 Cir. 1970). The plaintiff in that case was fully recovered in eight weeks.
While each case stands on its own facts and the foregoing are not controlling, they do indicate that the awards in the instant case are not so inadequate as to constitute an abuse of the discretion vested in the trial judge.
Counsel for plaintiffs cites Abu Ali v. Guillory, supra; Hale v. McCoin, 271 So.2d 723 (La.App. 1 Cir. 1972); State Farm Mutual Automobile Insurance Company v. Hecker, 271 So.2d 895 (La.App. 4 Cir.1973); and Curry v. Vallot, 271 So.2d 711 (La.App. 1 Cir. 1972).
In Abu Ali v. Guillory, supra, one party received $750.00 for a minimal lumbosacral strain and tendonitis which necessitated four visits to a doctor over a period of less than two months. Another party with a minimal strain of the trapezius muscle received $500.00 The awards and the injuries are comparable to those in the consolidated cases before the court.
In Hale v. McCoin, supra, an award of $3,000.00 for a whiplash injury was reduced to $1500.00.
In State Farm Mutual Automobile Insurance Company v. Hecker, supra, an award by the trial judge of $775.00 for exacerbation of preexisting osteoarthritis was found to be within the “much discretion” vested in the trial judge.
In Curry v. Vallot, supra, an award to a woman who sustained acute strains to the cervical and lumbosacral areas, was hospitalized for five days and was asymtomatic after ten weeks was reduced from $7500.00 to $4,750.00.
None of the cases cited by plaintiffs leads us to a conclusion that the awards in question are manifestly inadequate. We find no abuse of the trial court’s discretion and no manifest error in the awards made to these plaintiffs.
Costs of the appeal are taxed against the appellants.
Affirmed.