WATKINS, Judge.
This is an action brought by James L. Martin for workmen’s compensation against Pala, Inc., the employer, and Aetna Casualty & Surety Company, its workmen’s compensation insurer. Mr. Martin’s medical expenses while in the Rhodes J. Spedale Hospital in the sum of $4,882.30, and workmen’s compensation weekly benefits in the sum of $3,108.00 through August 25, 1980, were paid voluntarily by Aetna. The accident causing the alleged disability occurred about March 7, 1980. Mr. Martin brought the present action for additional workmen’s compensation benefits on the basis of total and permanent disability, and additional medical expenses. The trial court rendered judgment for defendants, dismissing plaintiff’s suit. It appears from the briefs of counsel on appeal that Mr. Martin has since died. However, the record does not so indicate. We affirm the decision of the trial court.
Mr. Martin was employed as an electric welder by Pala, Inc. On the date of the accident, he stepped onto a plank of plywood in a ditch to weld a pipe. The plywood shifted, and Mr. Martin, who was 70 years of age, fell, pulling his flank. Mr. Martin experienced pain for several days after he fell but attempted to work. Finally, he consulted Dr. James A. Freeman, a *1095 physician and surgeon, believing he had aggravated a preexisting scar resulting from the removal of kidney stones. The scar was found not to have reopened. He was advised to use a heat lamp. The pain became so severe that Mr. Martin was placed in the hospital. On undergoing tests, Mr. Martin was found to have multiple myeloma, which, basically speaking, is a cancerous condition of the blood. It is believed by the physicians who gave medical testimony that this condition hindered the healing process of the flank. The pain persisted and grew worse. After several months, it was discovered that Martin had a massive malignant epidural tumor affecting the T-ll nerve root on the left. Surgery was performed to excise the tumor. The medical testimony agrees that (1) the myeloma and the malignant tumor were unrelated, and (2) neither condition was caused by the fall Martin suffered while at work.
On November 20, 1980, Aetna received a written report from Dr. Derwood Facundus stating that he had examined Martin on October 28, 1980, and that the pain attendant upon the fall had disappeared. The other medical testimony confirms that his favorable result ensued upon removal of the epidural tumor.
Mr. Martin’s condition remained stable for several months and he was without pain. Then back pain developed. The medical testimony attributed the back pain to the combined effect of the myeloma and recurrence of the tumor. At the time of the trial, December 22, 1981, Martin was on the verge of death, if the verbal statement presented by his counsel when the case was submitted is correct. The case was submitted on depositions, affidavits and other documentary evidence. As we have stated, the trial court rendered judgment dismissing plaintiff’s suit.
In Haughton v. Fireman’s Fund Am. Ins. Companies, 355 So.2d 927 (La.1978), plaintiff fell while at work, and broke his thigh bone. It was discovered that the bone was made brittle by multiple myeloma, which was Mr. Martin’s condition in the present case. The plaintiff in Haughton was unable to return to work, although his testimony differed as to whether the fall or the myeloma was the cause of the disability. The court stated:
When there is an accident and a resulting disability without any intervening cause, it is presumed that the accident caused the disability. This simple guide, plainly stated in Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969), we affirmed in Johnson v. The Travelers Insurance Co., 284 So.2d 888 (La.1973) and reaffirmed in Gradney v. Vancouver Plywood Co., 299 So.2d 347 (La.1974). The presumption is not irre-buttable, but its effect is to shift the burden of proof to the defendant. This burden was not enforced by the courts below, and the defendant has failed to prove that Haughton’s accident did not cause his disability.” (355 So.2d 927, 929)
The judgment of the Court of Appeal, which had affirmed the trial court, was reversed, and compensation benefits were awarded by the Supreme Court.
The Louisiana Supreme Court reversed the Court of Appeal and awarded benefits, on the basis of similar reasoning, in Hammond v. Fidelity & Casualty Company of New York, 419 So.2d 829 (La.1982). In that ease plaintiff seriously bruised his upper left arm while driving a truck on the job. The plaintiff’s condition in Hammond grew steadily worse, and at last a biopsy was performed, which resulted in the physician and pathologist finding a malignant growth in the left upper arm. An operation was subsequently performed to remove the growth, and plaintiff remained disabled because he had lost almost all strength in the arm. The Supreme Court held that workmen’s compensation benefits were due on the basis of total and permanent disability, although medical testimony indicated the tumor was preexisting, but subclinical, and that the accident did not affect the eventual progression of the tumor. The Court stated that as the accident made manifest a condition previously unnoticed, and that as the worker was rendered permanently disabled, he was entitled to workmen’s com *1096 pensation benefits for total and permanent disability, unless there was an intervening cause. The Court found no intervening cause and, as stated, awarded benefits.
In the present case, the pain in Martin’s flank disappeared after the removal of the epidural tumor. Pain reappeared in another location only after the passage of several months in which he suffered no pain in any part of his body. This worsening of his condition was attributed solely to the mye-loma and the return of the malignancy. We find that the operation, which ended the pain resulting from the work-related accident, broke the chain of causation beginning with that accident, and two different forces, the myeloma and the malignancy, in no way resulting from the accident, caused the subsequent worsening of Martin’s condition. In Haughton and Hammond the chain of causation was straight and unbroken. In the present case the chain of causation was broken by the operation to remove the epidural tumor and the almost immediate disappearance of pain. Thus, the accident did not produce any disability beyond the time of the operation. Any disability after that time was non-work related. It was at the time of the operation, August 25, 1980, that compensation benefits were terminated. The trial court obviously found that the “cut-off” date of August 25, 1980, was proper, and denied further benefits for the reason that disability after that time was not caused by the accident.
As the case was submitted on depositions, if we were to follow the holdings of other circuits, we would be compelled to refrain from applying the manifest error, clearly wrong test (Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978)), and to decide the case as trier of fact, see Abu Ali v. Guillory, 271 So.2d 882 (La.App. 4th Cir.1973), and the cases cited therein; also Farris v. Ducote, 293 So.2d 589 (La.App. 3d Cir.1974), writ refused 295 So.2d 814 (La.1974); and Langford v. Calcasieu Parish Police Jury, 396 So.2d 956 (La.App. 3d Cir.1981). However, in our view the decision of the trial court was not merely free from manifest error, but was founded upon the irrefutable factual conclusion that disability beyond August 25, 1980, did not result from the accident and, thus, was clearly correct. The trial court did not assign written reasons for judgment. However, we hold that Haugh-ton and Hammond (the latter having been decided after the date of the trial court’s judgment) are inopposite because in the present case the chain of causation was broken, unlike Haughton and Hammond. We, therefore, find that the trial court was correct in its apparent decision not to apply Haughton to the factual situation presented to it in the present case. Because disability beyond August 25,1980, was the product of causes independent of the work-related accident, further benefits were properly denied.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.
SHORTESS, J., dissents and assigns reasons.