188 So.2d 166 (1966)
Floyd A. SEEGERS et ux., Plaintiffs-Appellees,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellants.
No. 10517.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1966.
Lowe & Benton, Minden, for appellants.
Campbell, Campbell & Marvin, Minden, for appellees.
Before HARDY, GLADNEY, and BOLIN, JJ.
HARDY, Judge.
This is a suit by husband and wife for the recovery of damages resulting from an automobile accident. After trial there was judgment in favor of plaintiff husband in the principal sum of $958.47 in the nature of payment of medical expenses and automobile repairs, and further judgment in favor of plaintiff wife in the principal sum of $2,000.00 as damages for personal injuries. From this judgment defendants have appealed and plaintiffs have answered the appeal, praying for an increase in the amounts of the judgments.
The accident occurred on August 20, 1962, at the intersection of West Street and Highway 80 in the City of Minden. A Falcon sedan driven by plaintiff husband, accompanied by his wife as a passenger riding on the front seat, headed east on West Street, while stopped at an intersection waiting for the traffic to clear on Highway 80, a favored thoroughfare, was struck from the rear by a Chevrolet Corvair driven by Mrs. Temple C. Watson, owned by her husband, R. L. Watson, and insured by the other defendant, State Farm Mutual Automobile Insurance Company. The impact, although slight, threw Mrs. Seegers, who was convalescing *167 from a hernia operation performed approximately four weeks prior to the date of the accident, against the right arm rest of the Falcon car, causing mild cervical and dorsal sprains to the neck and back and some abdominal discomfort in the operative area.
Before this court counsel for defendants have specified errors by the trial court in the finding of negligence on the part of Mrs. Watson and in the asserted excessive awards of damages to both plaintiffs.
We find no merit in the first contention. The testimony of the witnesses, including that of Mrs. Watson herself, uniformly supports the conclusion that she drove her car into the rear of the Seegers automobile because she was not observing that vehicle but was looking away to view traffic on the highway.
It is strenuously urged that the force of the impact was so slight it could not have caused injuries of the nature and extent complained of by the plaintiff, Mrs. Seegers. This argument, in part, is based upon the evidence in the record to the effect that the only damage to the rear of the Seegers automobile was the breaking of the tailpipe bracket and a small dent in the rear bumper requiring a cost of repair of only $8.88. While it is indisputably true that the impact was slight, we think it would be a dangerous precedent to attempt to measure the degree of injuries in direct proportion to the force of a collision. The testimony of both the medical experts and the lay witnesses established the fact that Mrs. Seegers did sustain some injuries and the minimal force of the collision is, therefore, of no material importance.
Examination of the record justifies the conclusion that the actual physical injuries sustained by Mrs. Seegers were of a degree described as mild or moderate from which she would have ordinarily been expected to recover in the course of a few months, and in this respect it is our conclusion that the award of damages is neither inadequate nor excessive.
However, the basis of counsel's argument for an increase in the award of damages is not predicated primarily upon the nature and degree of the physical injuries but upon the disabling effect of a conversion reaction or neurosis.
Only an hour or so before the occurrence of the accident Mrs. Seegers had visited her attending physician, who had performed the hernia operation shortly less than a month before, for an examination. Immediately following the accident Mrs. Seegers was again examined by her physician and at this time was in a state of semi-hysteria, accompanied by symptoms of shock and physiological disturbance, requiring hospitalization under rather heavy sedation for a period of approximately three days.
The record contains the deposition of Dr. James H. Shipp, a qualified specialist in neurology, also trained in the field of psychiatry, to whom Mrs. Seegers was referred by her attending physician for examination and diagnosis. The examinations by this witness were made on January 9th, 16th and 30th, 1963, and as a result of these examinations the doctor was particularly concerned with the symptoms which he attributed to intense anxiety and conversion. On the occasion of his deposition, after evidencing his awareness of the nature of the accident and the slight damage to the vehicles which resulted therefrom, the witness, nevertheless, expressed his unqualified professional opinion that the accident "* * * served as a trigger mechanism or precipitating stress event."
This testimony was not controverted. In fact, the only medical evidence tendered on behalf of defendants was that given by deposition of Dr. Hightower, an orthopedic specialist who also had examined Mrs. Seegers at the request of her attending physician.
We are primarily concerned with the question of conversion neurosis which was *168 clearly and adequately defined in the opinion of the court in Humphries v. Delta Fire & Casualty Co. (1st Cir., 1959), 116 So.2d 130. The same problem was considered in Allen v. Indemnity Insurance Co. of North America (3rd Cir., 1962), 137 So.2d 110, and Faslund v. Kendrick (1st Cir., 1964), 169 So.2d 276.
One of the classic symptoms of conversion neurosis is evidenced by recurrent periods of intense physical pain, resulting from mental anxieties, tensions, fears and feelings of insecurity. The development of the neurosis also causes personality changes and deteriorations. It is a well established medical fact that this nature of neurosis is converted by the resulting mental condition into physical symptoms of pain, suffering and disability which are as real and distressing as if produced by a tort-caused physical injury.
The testimony of Dr. Shipp as to Mrs. Seegers' condition of anxiety, tension and insecurity is not only uncontradicted by any medical evidence but is amply corroborated by the lay testimony. The record further supports the conclusion of a personality change from a good-natured, energetic, hard-working individual into one who was unable and unwilling to perform activities requiring physical exertion and had become somewhat morose, fearful and distressed.
In consideration of the established facts and upon the basis of the authorities cited supra, we are convinced that the award of damages made in favor of Mrs. Seegers was inadequate and should be substantially increased. We think an amount of $5,000.00 covering both the physical and mental injuries would be adequate in this case.
It is further noted in connection with plaintiffs' answer to the appeal that substantial increases are claimed with respect to the judgment allowed in favor of the plaintiff husband, particularly with respect to the items of loss of wages and future medical treatment. The record does not sustain the contentions made. Mrs. Seegers did not testify that she intended to return to work even in the event of her complete recovery, nor was there any indication of any plans for undergoing future psychiatric or neurological treatment. An award of damages in these areas would be purely speculative and, therefore, unjustified. Nor do we find any substantial error in the failure to award additional medical charges as claimed by plaintiffs.
For the reasons assigned the judgment appealed from is amended to the extent of increasing the principal amount awarded in favor of the plaintiff, Mrs. Gussie Seegers, to the sum of Five Thousand and No/100 ($5,000.00) Dollars, and, as amended, it is affirmed at appellants' cost.