LeSUEUR, Judge.
The plaintiff filed this action to recover damages for both property loss and personal injuries allegedly suffered in an automobile accident on April 3, 1968. The facts of the collision are not, per se, relevant to this appeal.
The trial court, after a hearing on the merits, concluded that the defendants were liable but limited the award to $44.13 for repair costs to the vehicle. All recovery for personal injuries was denied.
Plaintiff perfected this appeal to recover :
(a) general damages for personal injuries;
(b) medical expenses in the amount of $65.00; and
(c) expert fees for his treating physician and auto repairman.
No answer was made and the balance of the judgment is not at issue.
The basis for the limitation of the award is clear enough. The trial court specifically ruled that, in view of the very slight damage to the vehicles involved in the collision, an impact sufficiently severe to produce physical injury had not been proved. We cannot concur in this line of reasoning.
Significant injuries can and do result from collisions of minimal force. In recognition of this premise, the law of Louisiana is clear that where personal injuries are established by medical and lay evidence, minimal impact is of no material importance. As the Second Circuit ruled in Seegers v. State Farm Mutual Automobile Ins. Co., La.App., 188 So.2d 166, at page 167 (1966):
“It is strenuously urged that the force of the impact was so slight it could not have caused injuries of the nature and extent complained of by the plaintiff, Mrs. Seegers. This argument, in part, is based upon the evidence in the record to the effect that the only damage to the rear of the Seegers automobile was the breaking of the tailpipe bracket and a small dent in the rear bumper requiring a cost of repair of only $8.88. While it is indisputably true that the impact was slight, we think it would be a dangerous precedent to attempt to measure the degree of injuries in direct proportion to the force of a collision. The testimony of both the medical experts and the lay witnesses established the fact that Mrs. Seegers did sustain some injuries and the minimal force of the collision is, therefore, of no material importance.”
The Fourth Circuit has accepted this view. See Harney v. Kountz, La.App., 218 So.2d 913 (1969).
Here a collision indisputably occurred. Both the plaintiff and the treating physician testified that there were physical injuries and their evidence is entirely uncon-troverted.
Dr. Padua, who first saw the plaintiff on the day of the accident found tenderness on palpation of the neck and *310 some tightness from the base of the skull to the 7th cervical vertebrae. He ordered muscle relaxants and physical therapy. Treatment was continued for about a week with 5 separate days of treatment. The final diagnosis was a cervical strain suffered in the collision.
The plaintiff testified to both headaches and neck pain. He further indicated that these complaints persisted beyond the week that he received treatment and that he used a heating pad for relief after that period. Plaintiff testified he had not been discharged from the doctor’s care but ceased his visits because of lack of funds and the relief received by use of a heating pad at home.
Considering all of the evidence, we find that an award of $550.00 will fairly compensate the plaintiff for pain and suffering. Special damages are fixed at $65.00; expert fees are fixed in the amount of $50.00 in favor of Ernest Marcelin and $100.00 in favor of Dr. F. J. Padua, and are to be taxed as costs.
For these reasons, the judgment appealed is amended so as to provide for judgment in favor of the plaintiff and against the defendants in the amount of $659.13 with interest and all costs, costs to include the $150.00 expert fees. As amended, the judgment is affirmed.
Amended and, as amended, affirmed.