W. C. LeBRUN, Judge Pro Tem.
These consolidated cases arose out of an automobile accident which occurred on October 5, 1970, in the City of New Orleans. The four plaintiffs, James E. Vaughn, Thomas Taylor, Robert Boudreaux and the tutrix of the minor, Trina Griffin, have appealed from the judgments contending that the awards for damages are inadequate. No appeal was taken by defendants.
In reasons for judgment, the trial judge, after disposing of the liability question, said the following:
“The Court is, however, unable to understand how the plaintiffs could have suffered injuries which required so much treatment. The impact was definitely a very slight one. It was not from either the front or the back of the vehicle. There was comparatively only minor damage to the vehicle and the driver and two passengers were in the front seat of the automobile.
“The medical reports would indicate only minor injuries and while the Court may not be able to substantially reduce the medical charges — which it believes to be highly inflated — the Court is of the opinion that an award to the plaintiffs of $250.00 to Mrs. Evella Griffin, as Tutrix of her minor daughter, Trina Griffin, $300.00 to Robert Boudreaux, $350.00 to Thomas Taylor, and $250.00 to James Vaughn would be adequate for their pain and suffering. There will be further judgment for specials of $172.00 for Mrs. Evella Griffin, Individually, $300.00 for Robert Boudreaux, and $300.00 for Thomas Taylor. The Court will award James Vaughn $500.00 for his specials, including damage to his automobile. The Court is of the opinion that the amount claimed by Mr. Boudreaux for lost wages has not been adequately proven and his claim for this will be rejected. . . .”
The case as far as quantum is concerned was tried entirely on the basis of the testimony of the three adult plaintiffs, together with stipulated medical reports from various physicians. The following constitutes a summary of the evidence with respect to each of the four plaintiffs.
James Vaughn, the driver of the automobile and 61 years of age at the time of the accident, testified that immediately upon impact he felt pain; that he saw a physician on the day following with complaints of pain in his side, back and shoulder; that he saw his physician daily for two months and continued for an additional two months of treatment before he obtained relief from his suffering. According to Dr. Joseph P. Braud, who saw and examined Vaughn on October 6, 1970, there was pain and discomfort in the left shoulder on movement, difficulty in hyper-extending the left arm, tenderness to palpation on the lower back muscles, pain and spasm of the lumbar musculature, limita *873 tion of motion in the lumbar area and discomfort and pain in the back. He placed Vaughn on a regime of muscle relaxants and physiotherapy from October 6, 1970, until his last visit on January 25, 1971, when he was still having minimal complaints with his back but no spasm and with a full range of motion. He opined that Vaughn had sustained muscular strain and contusion of the left shoulder, chest and lumbar spine, aggravation of his pulmonary condition and a pre-existing osteo-arthritic condition of the lumbar spine. He charged $525.00 for his professional services including 49 physiotherapy treatments.
Vaughn was also seen by Dr. Roger P. Blitz on November 9, 1970, who found on examination that Vaughn’s range of motion was restricted and there was still spasm over a month after the accident in the musculature of the low lumbar area. He concluded that Vaughn sustained an acute lumbosacral strain and that the physical therapy program which Vaughn was undergoing was appropriate. He also recommended the use of a firm mattress and a bed board. He charged $70.00 for his services.
Thomas Taylor, who was 22 years of age and Vaughn’s passenger at the time of the accident, saw Dr. David Aiken on October 6, 1970, with complaints of headaches and pain in the neck and low back. The doctor found tenderness and spasm in the cervical and trapezius muscles as well as tenderness in the spinous processes. There was limitation of motion in the neck. There was tenderness in the sacrum, lumbar muscles and sacroiliac joints with spasm in the lumbar muscles. He diagnosed an “acute cervical sprain, moderate” and an “acute lumbosacral sprain, moderate,” and prescribed physiotherapy to the neck and low back, a cervical collar, a lum-bosacral corset brace, medication, bed rest with a heating pad and the use of a board under his mattress. After a course of physiotherapy treatment by October 14 his neck and low back were improved but some tenderness remained without spasms. Physiotherapy continued and by October 28 his neck was recovered although he was still using the cervical collar. His back region had become aggravated, but Dr. Aiken felt that “this probably was due to the fact that on October 27 he changed the spark plugs in his car without wearing his corset-brace.” Dr. Aiken found tenderness in the low back and spasm in the lumbar muscles on October 28 and again on November 11. Taylor was discharged without pain on November 27. His total medical bill from Dr. Aiken was $335.00, the Thomas collar cost $21.73 and the lumbo-sacral support $31.80.
Robert Boudreaux, who was 22 years of age and another passenger at the time of the accident, saw Dr. Aiken on October 7, 1970, with complaints of headache, stiff neck and backache. The doctor found tenderness in the cervical and trapezius muscles with spasm, tenderness in the spinous processes with limitation of motion in the neck, tenderness in the lumbar muscles and sacroilliac joint with spasm. His diagnosis was “acute cervical sprain, moderately severe” and “acute lombosacral sprain, moderately severe.” He prescribed the use of a board under his mattress, a cervical collar, a lumbosacral corset, medication for pain and muscle spasm, bed rest with heat application and physiotherapy to the neck and to the low back. By October 14, after receiving physiotherapy, Boudreaux still had spasm in his neck. By November 3 the neck was improved although tenderness remained in the cervical muscles, motion was without limitation, headaches had subsided, he was still wearing the support and the brace and still had tenderness in the lumbar muscles. Pain in the neck and low back subsided by the end of November and he was discharged with a bill for Dr. Aiken’s services in the amount of $290.00. Boudreaux paid $21.73 for the cervical collar and $31.80 for the lumbosacral support.
Trina Griffin, an eleven year old child and another passenger, saw Dr. Aiken on October 6, 1970, with complaints of head *874 aches, sore neck, back, left knee, left hip and left ribs. The doctor found tenderness in the cervical muscles with spasm, tenderness in the dorsal muscles and lower lumbar area, contusion above the left hip, moderately severe contusion of the front of the knee, and mild contusion on the left lower rib cage. He diagnosed “acute cervical, dorsal, and lumbar sprains, mild to moderate in degree” and prescribed bed rest, use of a heating pad, medication, and use of a board under the mattress. After two intervening visits, on November 2 she was discharged without pain. Dr. Aiken charged a total of $172.00 for his services to this child.
In our consideration of the awards given to these plaintiffs, we are mindful of the great discretion vested in the trial judge in making awards for general damages, and that such awards are not to be disturbed by this Court unless the record shows that the trial court’s discretion has been abused. Fox v. State Farm Mutual Automobile Insurance Company et al., La. Sup.Ct.1973, 288 So.2d 42. However, in the instant case, we are convinced not merely that the awards are inadequate but that their inadequacy was the result of an error of law.
The learned trial judge was influenced in making the awards by the fact that the impact between the vehicles was so slight that it could hardly have caused as much injury as these plaintiffs claim they suffered, yet the evidence shows that each one of these plaintiffs saw a physician shortly after the accident and their complaints to the physicians were consistent with their testimony on the witness stand. In the case of all plaintiffs objective symptoms of injury, namely, visible spasm, were found by the physicians, and in the case of the child contusions were observed. There is no evidence whatsoever to rebut or contradict the testimony of the plaintiffs or their medical evidence. The minimal force of the collision should not have been of any material importance in considering the extent of the injuries or the amount of general damages awarded therefor. State Farm Mutual Automobile Insurance Company v. Hecker, 271 So.2d 805 (La.App. 4th Cir. 1973), Velasquez v. Richard, 243 So.2d 308 (La.App. 4th Cir. 1971) and Harney v. Kountz, 218 So.2d 913 (La.App. 4th Cir. 1969).
Furthermore, there are four plaintiffs in this case whose awards are inconsistent in relation to the injuries and medical treatment they each received in comparison with one another. Certainly, justice requires that where four plaintiffs are injured in the same accident and there is a marked contrast in the injuries among the four, the interests of justice require that the various awards have some relationship to a comparison of the degree of seriousness of the injuries.
In our consideration of the four awards, we begin with the child, Trina Griffin, who was treated for four weeks. She was awarded $250.00 for general damages wholly on the basis of the stipulated medical report. We find that this award is grossly inadequate and that $750.00 would more reasonably compensate her for her injury in addition to the trial judge’s award of $172.00 for medical expenses. See Abu Ali v. Guillory, 271 So.2d 882 (La.App. 4th Cir. 1973).
Robert Boudreaux, who was under active treatment for seven weeks, was awarded only $300.00. This is grossly inadequate and is increased to $1500.00. See Baye v. Deaton, 268 So.2d 712 (La.App. 4th Cir. 1972). His special damages were fixed by the trial judge at $300.00, but the evidence shows that he expended the sum of $343.53, so that his total award will be $1843.53.
Thomas Taylor was awarded $50.00 more than Robert Boudreaux for injuries much like Boudreaux’s although spasm was still present over a month after the accident. His award of $350.00 is grossly in *875 adequate and is increased to $1750.00, which together with his proven medical expenses of $388.53 brings the total award to $2138.53.
Finally, James Vaughn was awarded $250.00 despite the fact that his injuries caused pain and required treatment for three and one-half months after the accident, and he still had objective muscle spasm a month after the accident. Although he was injured more severely than Taylor or Boudreaux, he received less than they did. An award of $2500.00 would reasonably compensate him for his injuries. See Dillman v. Allstate Insurance Company, 265 So.2d 322 (La.App. 4th Cir. 1972). The judge awarded only $500.00 for Vaughn’s special damages, but the evidence supports an award of $595.00 for medical expenses and $50.00 for his automobile damage. His total award will be $3145.00.
Accordingly, the judgments appealed from are affirmed but amended as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, James E. Vaughn, and against defendants, Manchester Insurance and Indemnity Company and Alvin Ayers, in solido, in the sum of $3145.00, together with legal interest from date of judicial demand and for all costs of these proceedings.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Thomas Taylor, and against defendants Manchester Insurance and Indemnity Company and Alvin Ayers, in solido, in the sum of $2138.53 together with legal interest from date of judicial demand and for all costs of these proceedings.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Robert Boudreaux, and against defendants Manchester Insurance and Indemnity Company and Alvin Ayers, in solido, in the sum of $1843.53, together with legal interest from date of judicial demand and for all costs of these proceedings.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Evella Griffin, on behalf of her minor daughter, Trina Griffin, against defendants Manchester Insurance and Indemnity Company and Alvin Ayers, in solido, in the sum of $750.00, together with legal interest from date of judicial demand and for all costs of these proceedings.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Evella Griffin, individually, against defendants Manchester Insurance and Indemnity Company and Alvin Ayers, in solido, in the sum of $172.00, together with legal interest from date of judicial demand and for all costs of these proceedings.
Affirmed and amended.