SAMUEL, Judge.
This is a suit for personal injuries allegedly resulting from a March 9,1973 accident involving an automobile and a New Orleans Public Service bus. Plaintiff was a fare paying passenger on the bus. The defendants are the bus driver, his employer, the driver of the automobile and the latter’s unknown liability insurer. Following a jury trial, there was judgment in favor of plaintiff and against New Orleans Public Service and its driver in the sum of $6,000. Plaintiff’s claim against the other driver was dismissed. The defendants cast have suspensively appealed. In this court they limit their appeal to the issue of quantum.
Appellants contend: (1) damages to the vehicles were slight, therefore plaintiff’s injuries were minimal; (2) any medical treatment beyond two weeks after the accident was unnecessary; and (3) the amount of the award should be reduced from the sum of $6,000 to $750.
Relative to appellants’ first contention, we reject the argument that the force of the collision impact was so slight it could not have caused the injuries of which plaintiff complains. It is true the force of the impact was slight. The evidence establishes the bus and the automobile merely brushed each other, causing no physical damage to the bus and only scraping the right front fender of the other vehicle. Photographs in evidence underscore the minor nature of the accident.
However, the record establishes' to our satisfaction that there was a collision in which the plaintiff was injured. The minimal force thereof is of no material importance as the same relates to the extent of the injuries; the degree of injuries sustained in a collision cannot be measured by the minimal force of the collision.[1]
Nor do we agree with appellants’ second contention, that medical treatment beyond two weeks was unnecessary. Dr. C. W. Peterson, a general practitioner retained by New Orleans Public Service, examined plaintiff on March 13, 1973. He diagnosed her injuries as contusion and/or strain of the left lower posterior rib cage and left scapular area of the back. It was his opinion that plaintiff’s injuries would constitute a partial disability for about two to three weeks.
Plaintiff also was examined and treated by Dr. Joseph P. Braud on March 13. In his opinion she had sustained muscular contusions and strain of the left shoulder girdle and rib cage. He prescribed conservative therapy consisting of analgesics and physiotherapy. She was last seen on March 22, 1973. The doctor anticipated that plaintiff *935 would not have any permanent disability and that she had an uneventful recovery.
Dr. Florence Jones, a general surgeon, saw plaintiff March 23, 1973 at which time she complained of pain in the back and left rib cage. Although objective findings of this doctor’s examination did not substantiate plaintiff’s subjective complaints of pain, plaintiff requested hospitalization and was admitted by Dr. Jones on March 23, 1973. Numerous tests were conducted in the hospital, all of which were normal. She was placed in traction until March 29 and received pain medication until her discharge on April 5, 1973. At that time she had no complaints of pain. Dr. Jones saw plaintiff on three occasions thereafter. As of the last visit, on May 24,1973 the doctor did not anticipate or expect any permanent disability.
Dr. Victor Chisesi, an orthopedic surgeon, was consulted by Dr. Jones about plaintiff while plaintiff was in the hospital. His examination on March 31, was essentially normal with the exception of a slight degree of muscle spasm in the low back and tenderness over the last joint of the low back region. It was his opinion that any injury to the upper left thorasic area had cleared by this time. Valium was prescribed. Dr. Chisesi was unable to state whether plaintiff’s complaints of pain in the low back area were related to the accident since they did not start until two weeks following the accident. In his opinion if the accident had caused any low back injury, the pain would have started within two or three days of the accident. He saw plaintiff on three additional occasions at his office. The last examination of April 12,1973 was completely normal although plaintiff continued to complain of pain.
Dr. Irving Redler, an orthopedic surgeon, saw plaintiff on August 21, 1973. His examination was normal and he was of the opinion there would be no residual disability-
We are impressed by the fact that upon her discharge, Dr. Jones gave plaintiff a note (presumably for her employer) stating she was unable to work at that time (April 24, 1973) and should be granted leave. We are also impressed by the fact that Dr. Chisesi found objective evidence on March 31 of muscle spasm.
While it does not appear that plaintiff was seriously injured in the accident, were it not for the accident plaintiff would not have had to seek medical treatment. We do not believe Dr. Jones would have hospitalized her if such hospitalization was unwarranted and plaintiff was entitled to have any necessary tests made to determine her medical condition which could have resulted from the accident.
Relative to appellants’ third contention, the blanket award of $6,000 was not itemized by the jury. However, the $6,000 award includes the following medical charges: Dr. Joseph Braud, $70; Dr. Florence Jones, $415; Dr. Victor Chisesi, $63; hospital charges, $1,036.55; total medical expenses, $1,584.55.
The record further reflects that plaintiff missed work from March 9, 1973 until July 12, 1973. She had written to her superior requesting six weeks’ leave without pay following her visit to Dr. Jones on April 13, at which time she was advised she would be unable to return to work. Plaintiff was reinstated at a lower rate of pay on July 12, 1973 because the employer was unable to hold open her original position. The total salary thus lost was nine pay periods of $173.54, for a total loss of $1,561.86. Special damages proven at the trial therefore were $3,146.41, leaving a balance from the $6,000 award of $2,863.59 for pain and suffering.
The ultimate question presented to us by this appeal is whether the jury abused the “much discretion” (with respect to assessment of damages in personal injury cases) given by Article 1934(3) of our Civil Code. It is now settled that the amount of such an award should not be disturbed unless the record establishes a clear abuse of *936 that discretion.[2] We find no such abuse here.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Harney v. Kountz, La.App., 218 So.2d 913; Seegers v. State Farm Mutual Automobile Ins. Co., La.App., 188 So.2d 166.

. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, and the long line of cases which follows that decision.