SCHOTT, Judge.
This case arose out of an automobile accident which occurred on May 10, 1977, in which plaintiff’s taxi cab while stopped on Veterans Boulevard in Jefferson Parish because of traffic ahead of him was struck from the rear by a vehicle operated by defendant Spencer Harris. The Harris vehicle had come to a stop prior to the accident but it was struck from the rear by an automobile operated by defendant Edmund C. Rose, III, and insured by Allstate and was propelled into plaintiff’s vehicle.
The case was tried to a jury with the result that plaintiff’s suit against Harris was dismissed on a directed verdict, and the jury returned a general verdict in favor of plaintiff and against Rose and Allstate for $400. From the judgment against Rose and Allstate plaintiff has appealed, but the judgment in Harris’ favor is final.
The only issue is the quantum of damages awarded to plaintiff. It was stipulated at the trial that any judgment in plaintiff’s favor would include the sum of $262.48 which included the medical bill of Dr. David W. Aiken and $24.48 for the cost of a cervical collar, so that the award for general damages amounted to $137.52. Plaintiff bases his claim for an increase on three assignments of error.
Plaintiff’s first assignment is that the court erred in its charge to the jury concerning the law on aggravation of a pre-ex-isting condition, contending that the charge given was confusing and should have consisted of verbatim charges which he requested. Plaintiff’s second assignment also concerns jury charges and specifically is based on the failure of the court to charge the jury that the extent of physical damage to the automobile has no bearing on the seriousness of the injuries.
Plaintiff’s specifications of error with respect to the jury charges are properly before us since timely objection was made to the court’s charges pursuant to LSA-C.C.P. Art. 1793. However, we find no error in the court’s disposition of plaintiff’s requested charges or in the charge as given to the jury. As to the first specification, the court gave the following charge:
“. . . Under the Louisiana Law, one who causes harm to another takes that person as he finds him. Thus, if you find a proven accident has aggravated a pre-existent condition of, that aggravation is compensable as money damages.”
While we agree with plaintiff that the insertion of the word “of” seems to confuse the charge it is quite clear that the jury was told that aggravation of a pre-ex-isting injury is compensable and the tort feasor is not entitled to any discount because the plaintiff in this particular case might be more vulnerable than the average victim of a tort. In addition to the instruction quoted the jury was also instructed to award compensatory damages for any pain and suffering resulting from the accident. This was sufficient to cover the ideas which plaintiff wanted expressed in his requested charges Nos. 13 and 14.
Furthermore, as they were worded plaintiff’s requested instructions were somewhat over specific and suggestive of a result so that the trial judge’s instruction was more proper.
Plaintiff bases his second assignment of error on Vaughn v. Manchester Ins. & Indemnity Co., 296 So.2d 871 (La.App. 4th Cir. 1974); Velasquez v. Richard, 243 So.2d 308 (La.App. 4th Cir. 1971); Harney v. Kountz, 218 So.2d 913 (La.App. 4th Cir. 1969) and Seegers v. State Farm Mutual Automobile Ins. Co., 188 So.2d 166 (La.App. 2nd Cir. 1966), in which the rule was recognized that a minimal impact or force on the automobile of the plaintiff is not a relevant factor for consideration in making an award where the evidence otherwise supports an award in favor of plaintiff for damages for personal injury. From these cases and this principle plaintiff contends that the trial judge erred in not instructing the jury that the minimal amount of damage should not prevent the jury from making an appropriate award for injuries plaintiff sustained in the accident.
*1224 In the Vaughn and Velasquez eases each trial judge had given as his reason for making a minimal award the fact that there was a slight physical impact on the automobile and little damage. Finding in each case that there was ample evidence of injury, we held that it was error for the court to withhold a reasonable award simply because the impact was slight. In the Harney and Seegers cases, the courts invoked this rule in response to arguments by appellants that the judgments were excessive just because minimal impacts on the vehicles had occurred. However, these cases do not stand for the proposition that a plaintiff is entitled to a positive instruction to the jury in effect to disregard the minimal impact in framing an award because this would surely have the effect of suggesting to the jury that some substantial award was in order irrespective of the medical evidence produced at the trial. We have concluded that the trial judge properly refused to give this instruction under the circumstances.
The third and fourth assignments of error are that the award of only $400 was the result of confusion in the jury produced by the trial judge’s instructions with respect to the special damages and that the amount of the award was so inadequate as to constitute an abuse of discretion on the part of the jury.
With respect to the first, at the time the stipulation of special damages was made in the presence of the jury the trial court instructed the jury as follows:
“. . . What that [stipulation] means is if you find that Mr. Aymond is entitled to recover, if you would fix that amount in addition to what other amounts you might fix for the pain and suffering you may find as a result of the accident.”
This instruction was supplemented by the instructions given at the conclusion of the trial in which the jury was instructed to return a verdict to include compensatory damages for pain and suffering. The case was submitted to the jury on interrogatories the third of which read:
“What amount do you award the plaintiff, William D. Aymond, for damages as a result of the accident?”
The trial judge in discussing the form of interrogatories with the jury stated after reading question No. 3 as follows:
“. . You will remember we have a stipulation of what amounts $262.48. Whatever verdict you arrived at, that figure into whatever verdict arrived, if you reach that point, if you find Mr. Aymond is entitled to an award for pain and suffering in this matter, at that figure is $262.48 . . . ”
Reading this statement out of context, we agree with plaintiff that the jury could easily be confused. In the first place, the statement was made by the judge after arguments had been made by plaintiff’s counsel suggesting an award of $4,000 and after the trial judge cautioned the jury that plaintiff’s suggested figure was not evidence but “merely the attorney’s idea as to what damages are due to plaintiff.” He made it quite clear to the jury that they should bring in an award for general damages which was appropriate for the pain and suffering which plaintiff proved resulted from the accident. Furthermore, plaintiff made no objection to the portion of the trial judge’s instructions in which the third interrogatory was discussed, so that his objection in that respect was waived. Finally, the very fact that the jury awarded not $262.48 but rather $400 demonstrates that they were aware of their duty to include whatever general damages they thought were appropriate.
In support of his argument that the amount of the award constitutes an abuse of discretion plaintiff relies on the Vaughn and Velasquez cases primarily. Both of these cases came before the Supreme Court decision in Coco v. Winston Industries, Inc., 341 So.2d 332 (1977), and it may very well be that these cases are inconsistent with the Coco case. In Coco the court stated that an appellate court can amend an award only if the record shows an abuse of discretion on the part of the trial court and then the award can be disturbed only to the extent *1225 of lowering it or raising it to the highest or lowest point which is reasonably within the discretion afforded that court. Applying this principle to the instant case, we have no basis for disturbing the award.
Plaintiff continued to drive his cab almost without limitation after the accident. He saw Dr. Aiken for the first time a week after the accident and his complaints were basically subjective. He had a history of chronically and repeatedly dislocating his left shoulder, and X-ray studies revealed the presence of degenerative arthritic disease in his shoulder and cervical spine. By June 21 plaintiff had no residual symptoms whatsoever and on July 21 was discharged. It was brought out that he saw Dr. Aiken on the advice of the attorney who represented him previous to his present counsel.
The evidence of plaintiff’s injuries consisted of his own testimony. It is apparent that the jury was not at all impressed with plaintiff and there is no basis for us to substitute our own judgment for the jury’s to the effect that plaintiff’s was a minimal injury for which a minimal award was appropriate. The judgment is affirmed.
AFFIRMED.