717 So.2d 1224 (1998)
Bernell WEST, Plaintiff-Appellant,
v.
Robert WILLIAMS, et al., Defendants-Appellees.
No. 30842-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
Thomas & Thomas by Loyd K. Thomas, Shreveport, for Plaintiff-Appellant.
Rountree, Cox, Guin & Achee by Billy J. Guin, Jr., Shreveport, for Defendants-Appellees.
Before MARVIN, C.J., and NORRIS and GASKINS, JJ.
MARVIN, Chief Judge.
In this action that arose when defendant's car backed into plaintiff's car in a parking lot, Bernell West appeals a judgment rejecting her demands for personal injury damages.
On this record, we affirm, being unable to find clearly wrong the trial court's conclusion that Ms. West was not injured to any extent by the "slight impact" of defendant's car.

FACTS
The accident occurred on the parking lot of County Market on Hearne Avenue in Shreveport. Ms. West moved her car from a parking slot to assist another shopper whose car needed a battery charge, placing her car an estimated two inches from the disabled vehicle. Her daughter and son got out of her car to assist in connecting battery cables to the other car. Ms. West's son had raised the hood of her car and stood in front of it, preparing to connect the battery cables.
Defendant Williams, who, with his wife-passenger, had placed several paper bags of groceries in their car, backed slowly from his nearby parking slot and into the right rear quarter panel of Ms. West's car. Neither Williams nor his wife and the groceries were physically upset or disturbed by the impact *1225 which caused a small dent in Ms. West's car. The impact did not cause her car to strike or touch either her son who was in front of her vehicle or the disabled vehicle she was intending to assist.
Ms. West said she heard and felt the impact which moved her forward and to the side. She was wearing her seat belt. She denied telling the investigating police officer that she was not injured, saying she told him she immediately suffered a headache and dizziness. Yet she testified that after the policeman completed his accident report she became dizzy and decided to go to the LSU Medical Center. She said she drove halfway to LSUMC, but developed blurry vision and had her daughter drive the remaining distance.
Ms. West said about a day later she experienced pain in her neck and lower back and within another day or two she sought chiropractic treatment from Dr. Johnson, who treated her for about six weeks. She had no explanation for why no mention of her low back injury was made in the chiropractor's report. She acknowledged that she was not bruised or thrown about or against any part of her car by the impact of defendant's car.
Ms. West's daughter testified her mother was unable to drive out of the parking lot after the incident and that she drove her mother to LSUMC.
Defendant's automobile liability insurer paid Ms. West's property damage claim ($315). The record contains other stipulated evidence, including the LSUMC medical reports, the chiropractor's reports, the accident report and the report of the investigation by a mechanical engineer, Robert Cooper, who was retained by the defendant. While not stipulating to Cooper's qualifications as an expert, the plaintiff acknowledged that Cooper estimated Williams' speed at 3.9 MPH at impact which had the force of 2.3 gs on West's vehicle. Photos of the two vehicles, also in the record, show no damage to defendant's car and a slight dent on the lower edge of the quarter panel of Ms. West's car.

DISCUSSION
Credibility determinations, including the evaluation of expert testimony and the ultimate issue of whether plaintiffs have satisfied the burden of proof, are factual issues to be resolved by the trier of fact. Yuska v. HCA Health Services of Louisiana, Inc., 28,878 (La.App.2d Cir. 12/11/96), 684 So.2d 1093. When testimony conflicts, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even if the appellate court concludes its own evaluations and inferences are as reasonable as those made by the lower court. When findings of fact are based upon determinations of the credibility of witnesses, the manifest error-clearly wrong standard mandates great deference to the determinations made by the trier of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The contradictions and inconsistencies in plaintiff's testimony caused the trial court not to assign any credibility to plaintiff's complaints of injury. The photographs show that the car damage was indeed slight. The record allows the conclusion that plaintiff's testimony that the impact jarred her, causing a headache and dizziness, is self-serving and not supported by other witnesses. The police report of the accident and the chiropractor's report are contrary in some respects to Ms. West's testimony. Her daughter's testimony about who drove from where after the accident to the LSUMC is inconsistent with the mother's version.
Plaintiff emphatically complains of the trial court's reference to her "litigious" nature as being without evidentiary support. The record shows that Ms. West had personal injury claims on two other occasions and that she is involved in litigation on behalf of her minor son. Even should we assume the trial court erroneously characterized Ms. West as litigious, this record otherwise amply supports the trial court's factual and credibility assessments.

CONCLUSION
We recognize the principle that personal injuries are not always directly proportionate to the force of a collision between two vehicles. See Seegers v. State Farm Mutual Automobile Ins. Co., 188 So.2d 166 (La.App. 2d Cir.1966). Notwithstanding this recognition, the plaintiff's burden in such cases is to prove by a preponderance of the evidence *1226 found credible by the trier of fact that the injuries complained of were caused by the fault of the defendant.
Plaintiff did not meet that burden in this instance.

DECREE
At appellant's cost, the judgment is AFFIRMED.