|,THIBODEAUX, J.,
concurring.
While I agree with the result reached, I concur for the purpose of expressing my disagreement with the majority’s view that a fact finder may properly consider the minimum nature of the accident in determining causation. I do not believe that the lack of property damage or even the minimal nature of an accident is a proper factor to consider in assessing bodily injuries. As Velasquez v. Richard, 243 So.2d 308, 309 (La.App. 4 Cir.1971) properly observes, “significant injuries can and do result from collision of minimal force.... The law of Louisiana is clear that where personal injuries are established by medical and lay evidence, minimal impact is of no material significance.” See also Harney v. Kountz, 218 So.2d 913 (La.App. 4 Cir.1969); Seegers v. State Farm, 188 So.2d 166 (La.App. 2 Cir.1966). It is the medical and lay evidence regarding causation and injuries that are germane to a proper assessment of damages, not the force of an impact.
For the foregoing reasons, I respectfully concur.