JACHARLES R. JONES, Judge.
The instant suit arises out of an action for breach of an employment contract allegedly entered into between Appellee, Elena Davillier (hereinafter “Ms. Davillier”) and Appellant, Physicians Association of Louisiana, Inc. (hereinafter “PAL”). PAL suspensively appeals the judgment of the district court ordering arbitration and finding that a valid enforceable contract existed between the parties.
Procedural History
Ms. Davillier instituted this suit in September of 1999, seeking to enforce a 1998 employment contract entered into with PAL. Subsequently, PAL filed a motion for summary judgment, which was denied by the district court.
On October 25, 2002, Ms. Davillier filed a motion to refer the matter to arbitration pursuant to the 1998 employment contract. The motion for arbitration was denied by the district court and the matter was later set for trial. The district court rendered judgment in favor of Ms. Davillier, finding that the 1998 contract was valid and enforceable, and that arbitration was proper pursuant to the contract. The suspensive appeal of the judgment in favor of Ms. Davillier is the subject of the matter now before this Court
| j>Facts
Ms. Davillier was an employee of PAL since 1994. In 1994, she began to act as an independent contractor serving as a consultant who provided public, media, community, employer, and provider relation services. Under the original contract, Ms. Davillier earned $2,500 per month and was provided with parking and benefits under PAL’s HMO plan.
In 1995, the contract between PAL and Ms. Davillier was amended to increase her earnings to $3,500 per month. This contractual relationship was again amended in *733 1996 when Ms. Davillier’s earnings were increased to $5,000 per month and she received additional duties and responsibilities.
In 1998, Ms. Davillier alleged that her status as an independent contractor changed to a full-time employee and that she was promoted to Chief Executive Officer pursuant to a newly executed contract. The contract provided that Ms. Davillier was to receive a salary of $100,000 per year for a period of five years, and contained further provisions on how the contract should be terminated, as well as an arbitration agreement. However, Ms. Da-villier stated that she did not possess a copy of the 1998 agreement that contains the signature of PAL.
On May 12, 1999, PAL sent Ms. Davillier a notice terminating her alleged at-will relationship with the company as Chief Executive Officer.
Discussion
A court of appeal may not set aside a finding of fact made on behalf of the district court absent a showing of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). In determining the existence of a contract, a finding of fact may not be disturbed on appeal unless it is clearly wrong. PDT, Inc. v. Bell, 27,930 (La.App.2 Cir. 1/24/96), 666 So.2d 1282, writ denied, 96-0774 (La.5/3/96), 672 So.2d 688. Furthermore, when findings of fact are based on determinations of the credibility of a witness, great deference is given to the determinations of the district court. West v. Williams, 30,842 (La.App.2 Cir. 8/19/98), 717 So.2d 1224.
PAL maintains that the purported 1998 employment contract was not binding on PAL. PAL first argues that the district court was manifestly erroneous in concluding that PAL is bound by the typed document submitted to its Board of Directors by Ms. Davillier since the Board refused to sign the document until reviewed by legal counsel. We agree.
Pursuant to La. C.C. art. 1927, there is no requirement that there be conformity between the manner in which the offer is made and the manner in which the acceptance is made. When in the absence of a legal requirement, the parties have contemplated a certain form, it is presumed that the parties did not intend to be bound until the contract is executed in that form. La. C.C. art. 1947. However, in Baldwin v. Bass, 28,984 (La.App.2 Cir. 12/11/96), 685 So.2d 436, 440, the court stated, “the party who seeks to enforce a written contract, where signatures were not the contemplated form, has the burden of proving that the other party who has not signed agreed to be bound by the terms of the written contract.”
In the instant case, it does not appear from the record that Ms. Davillier’s change in title was made pursuant to the 1998 written employment contract. On Ms. Davillier’s cross examination during trial, she testified:
Q: Can you describe a little bit more— How did that come up, that you became to be the chief executive officer?
A: Well, it wasn’t in 1998. It was probably in 1997.
Q: Okay.
|4A:Yeah.
Q: Tell me how that came about.
A: I was at the point of earning my MBA. And I was getting more and more involved with discussions of contracts and meeting with CEOs of hospitals and other health care organizations, HMO’s. And it had come time for me to change my title and my position with them as far my standing with the company. And—
*734 Q: You said it had become time. Was that at your suggestion?
A: I think it was like a mutual thing, because Dr. Barnes[1] had talked to me about it on a couple of occasions. I don’t remember what the exact conversations were, and you know, exactly how it was said and everything. But that’s how I recall it.
The record indicates that Ms. Davillier’s title did in fact change to Chief Executive Officer. However, while her salary increased in accordance with the change in her official title, Ms. Davillier’s testimony reveals that her employment duties virtually remained the same. Furthermore, beyond the discussion of title and salary, there is no testimony that specific terms, such as cause for termination or the inclusion of an arbitration agreement, were ever mentioned in her discussion with Dr. Barnes. Additional testimony by Ms. Da-villier also establishes the fact that she was unable to recall whether or not her title and salary changed prior to the time that she submitted the contract to the PAL.
The evidence before this Court fails to clearly indicate that PAL intended to be bound by the 1998 written agreement. In the brief filed on behalf of PAL, it states that Dr. Barnes’ testimony specifies that the Board’s approval of the contract would be subject to review by legal counsel. Ms. Davillier admitted that the 1998 contract submitted to the PAL Board was copied from a contract for the former CEO, stipulating that she would receive $100,000 per year for a period of five | 5years. Although Ms. Davillier indicated that she had previously copied contractual agreements as an independent contractor, it cannot be assumed that PAL intended for the specific terms of a prior written agreement to apply to the newly formed employer-employee relationship absent some evidence of PAL’s consent. In addition to the fact that the PAL Board did not approve the written contract, the letter notifying Ms. Davil-lier of her termination references a relationship of at-will employment. As the evidence before this Court does not clearly establish that PAL is bound by the written contract, we find that Ms. Davillier served as Chief Executive Officer pursuant to a verbal agreement with Dr. Barnes.
PAL next contends that the district court erred in concluding that PAL entered into oral contracts of definite duration and in determining that PAL agreed to arbitrate its employment disputes. This Court finds merit in this argument. In the reasons for judgment, the district court stated that, “The Court finds that the written contract simply memorialized the contract by which the parties did perform.” While the district court does not directly state that the verbal agreement designated specific terms, the reasons for judgment imply that the terms of the written contract simply codified the agreement that had already been reached by the parties. However, for the reasons previously discussed, it is not evidenced from the record that specific terms of the written contract were agreed upon beyond the fact that Ms. Davillier would have a change in title and an increase in salary. Thus, we do not find that PAL contracted as to the duration of Ms. Davillier’s employment nor specified that any employment disputes would be subject to arbitration.
PAL further argues that the district court erred in ordering arbitration of the dispute between the parties, well after Ms. *735 Davillier elected to file suit on the | ^contract. Given that PAL is not bound by the 1998 written contract for the aforementioned reasons, we find that the arbitration clause is not valid and enforceable pursuant to this contract.
DECREE
For the reasons herein assigned, the judgment of the district court finding that a valid enforceable contract existed between Elena Davillier and Physicians Association of Louisiana is hereby reversed. Further, we reverse the district court’s order of arbitration.
REVERSED.

. Dr. Shelton Barnes was the President of the PAL Board of Directors at the time of Ms. Davillier’s employment.