**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2009

No. 08-30884
Summary Calendar

Charles R. Fulbruge III
Clerk

ANTHONY K. LAYSSARD,

Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA, on behalf of United States Department of Army,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-352

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Layssard brought suit against the United States under the Federal Tort Claims Act claiming injuries arising out of a collision with a U.S. Department of Army (Army) vehicle. He challenges the district court's judgment in favor of the United States, which the court rendered after a one-day bench trial. We affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**I**

Layssard's claim arises out of a minor collision that occurred while he was riding in a pickup truck driven by his employer, Thurman Perry, Jr. Layssard and Perry's vehicle was in the left lane when an Army Humvee attempted to take a left turn improperly from the right lane. Perry tried to avoid the Humvee, but it scraped against Perry's truck while traveling at a low speed. The resulting damage was minimal, including light crumpling and scratches over the front-passenger-side wheel and scratches to the passenger door.

Layssard brought suit against the United States, claiming that the accident injured his back and his left knee. The district court held a bench trial on the merits of the suit and granted judgment in favor of the United States, finding that Layssard had failed to establish that the accident caused or aggravated his injuries.

The district court relied in part on deposition testimony from Perry, which contradicted Layssard's testimony regarding the severity of the accident and cast doubt on Layssard's credibility. For example, Layssard claimed that the force of the impact knocked the truck to the side of the road, that the vehicles were stuck together, and that he needed help opening the passenger door. On the other hand, Perry testified that Layssard exited the vehicle without assistance and that the vehicles were not connected after the accident.

Perry also testified that after the accident, Layssard helped Perry unload lawn-care equipment from the truck and Layssard continued to work for Perry for three days without complaints of pain or restrictions on his work. Moreover, Perry testified that prior to the accident, Layssard had been experiencing leg and back problems and that on the return drive after the accident, Layssard indicated that he was going to use the accident to seek payment from the government for treatment at a hospital for his pre-existing injuries. Perry further testified that he told Layssard, "Tony, you can do anything you want to

do, but I'm not going to lie for you." The district court credited Perry's account and questioned Layssard's truthfulness.

Though Layssard's treating physician, Dr. Gerald Leglue, testified that he was willing to link Layssard's injuries to the accident, the district court found the testimony unconvincing because it was based on a materially incomplete subjective history provided by Layssard. Four months prior to the accident, Layssard had received treatment for pain in his lower back and knee that involved the same symptoms to the same degree and in the same areas as the pain he complained of after the accident. Just twelve days prior to the accident, Layssard again received treatment for a swollen and painful knee. Layssard withheld this information from Dr. Leglue and instead denied that he had a history of back pain prior to the accident. The district court also took into consideration the low speed at which the accident occurred and the minimal damage that resulted, stating that "[c]ommon sense suggests that injuries, or the exacerbation of pre-existing injuries, are unlikely to occur in a low speed, minimal force collision." Layssard timely appealed the district court's grant of judgment in favor of the United States.

## II

Layssard argues that the district court erred by (1) disregarding Dr. Leglue's medical expert testimony when the United States failed to call any experts to contradict his opinion and (2) considering the minimal force involved in the collision. "When a judgment after a bench trial is on appeal, we review the findings of fact for clear error and the legal issues de novo."[1] Reversal for clear error is warranted only if the court has "a definite and firm conviction that a mistake has been committed."[2] When the district court's "finding is based on

---

[1] *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000).

[2] *Id.*

its decision to credit the testimony of one witness over that of another, that finding, if not internally inconsistent, can virtually never be clear error."[3]

## A

Layssard argues that the district court was required to accept Dr. Leglue's expert opinion given the absence of any evidence contradicting his opinion. Layssard argues that under Louisiana law, a fact finder must defer to uncontroverted medical expert testimony. Layssard relies on *Durham v. CNA Insurance Cos.*, a Louisiana Court of Appeal case in which the court amended a jury award to increase the amount awarded to the plaintiff because the jury abused its discretion by ignoring strong "evidence [that] heavily preponderates in Durham's favor."[4] There, multiple experts testified on behalf of the plaintiff and unanimously stated that the accident triggered the plaintiff's symptoms.[5] Moreover, lay testimony unanimously showed that the plaintiff was in good health prior to the accident and experienced a steady increase in pain and reduction in activities after the accident.[6]

Unlike in *Durham*, Layssard experienced symptoms prior to the accident that were identical to those experienced after the accident. Further, only one expert, Dr. Leglue, testified on Layssard's behalf, and Dr. Leglue's medical opinion was based in large part on information provided by Layssard. Layssard withheld from Dr. Leglue material information about his past back and knee problems. Thus, *Durham* is inapposite and the district court's decision to

---

[3] *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 613 (5th Cir. 2000) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)).

[4] 544 So. 2d 679, 683 (La. App. 3d Cir. 1989).

[5] *Id.* at 682-83.

[6] *Id.* at 683.

disregard Dr. Leglue's opinion because it was based on incomplete information was not clearly erroneous.

Layssard argues that Dr. Leglue based his opinion on objective tests as well as the subjective history Layssard provided and, thus, he would have reached the same opinion even if Layssard had provided his full history of back and knee injuries. Layssard points to Dr. Leglue's testimony that an MRI scan of Layssard's knee showed that the knee was swelling six weeks after the accident and that this injury could not have been the same as the prior injury four months before the accident because "it's not going to continue to swell for six months." However, Layssard had also experienced a new onset of pain and swelling in his left knee just twelve days before the accident and Dr. Leglue's testimony did not rule out the possibility that the swelling in the MRI was a remnant of that pre-accident injury.

With regard to Layssard's back injury, Dr. Leglue testified that though at the time he first treated Layssard he did not know about Layssard's prior back treatment, he had since reviewed the records from that treatment. Dr. Leglue relied on a statement in the records from the treating doctor stating that there were "no neuro deficits." Dr. Leglue's examination of Layssard indicated that he had an abnormality in his achilles reflex, which suggested that after the accident, there was a neurological defect present. Thus, Dr. Leglue concluded that the collision must have caused Layssard's present injury.

However, Dr. Leglue admitted that he based this conclusion on a number of assumptions, including an assumption that the doctors who made the "no neuro deficits" note had tested Layssard's achilles reflex and that Layssard was being forthright in saying that his back did not bother him much after the previous back treatment. Given the questions regarding Layssard's credibility, we cannot say that the district court clearly erred in disregarding Dr. Leglue's testimony with regard to the causation of Layssard's knee and back injuries.

**B**

Layssard also takes issue with the district court's consideration of the minimal force involved in the collision. Layssard argues that under Louisiana state law, the minimal force involved in a collision is not a significant consideration in determining whether a plaintiff's injuries were caused by an accident. Layssard points to a number of Louisiana Court of Appeal decisions that hold that the minimal forces involved in a collision, taken alone, cannot establish a lack of injury resulting from the accident.

In *Seegers v. State Farm Mutual Automobile Insurance Co.*, a Louisiana Court of Appeal held that "it would be a dangerous precedent to attempt to measure the degree of injuries in direct proportion to the force of a collision."[7] There, the plaintiff complained of neck and back injuries after being rear-ended by the defendant.[8] The court determined that "[t]he testimony of both the medical experts and the lay witnesses established the fact that [the plaintiff] did sustain some injuries" and thus, "the minimal force of the collision [was] . . . of no material importance."[9]

Similarly, in *Desselle v. LaFleur*, another Louisiana Court of Appeal affirmed a trial court's damage award where the plaintiff was involved in a minor collision that caused the plaintiff's head to fly forward, then backward, hitting the headrest.[10] The trial court found the plaintiff and her doctor to be credible with respect to her complaints of pain and the doctor's diagnosis.[11] Though the defendant argued that the slight forces involved in the accident

---

[7] 188 So. 2d 166, 167 (La. App. 2d Cir. 1966).

[8] *Id.* at 166-67.

[9] *Id.* at 167.

[10] 03-562, p. 1 (La. App. 3 Cir. 2/4/04); 865 So. 2d 954, 955-56.

[11] *Id.* at p. 5; 865 So. 2d at 957.

could not have caused the injury, the court noted that "there is not even a slight indication by the medical evidence and witness testimony that Ms. Desselle feigned her neck and back injuries following the accident."[12] Therefore, the court concluded that the trial court had not abused its discretion in granting the award.[13]

Finally, in *Ursin v. Russell*, a Louisiana Court of Appeal affirmed a trial court's finding that the plaintiff's injuries were caused by a car accident where the severity of the impact from the collision was the subject of contradictory testimony.[14] Anya Ursin was driving a car with her mother and nephew as passengers when it was rear-ended by an eighteen-wheeler.[15] An eyewitness testified that the accident appeared to be a slight bump and that Ursin did not appear to be injured.[16] Ursin testified that the impact was more than minor and pushed the car forward a few feet.[17] She also testified that the impact was enough to cause her nephew's car seat to fly into the back of her seat and that a harness strap on the car seat broke.[18] The trial court credited Ursin's testimony over the eyewitness's, finding that because the witness was not involved in the accident, he could only speculate as to the impact felt by the

---

[12] *Id.* at p. 7; 865 So. 2d at 959.

[13] *Id.*

[14] 07-859, p. 9 (La. App. 5 Cir. 2/6/08); 979 So. 2d 554, 559-60.

[15] *Id.* at p. 2-3; 979 So. 2d at 556.

[16] *Id.* at p. 6; 979 So. 2d at 558.

[17] *Id.* at p. 8; 979 So. 2d at 559.

[18] *Id.* at p. 3-4; 979 So. 2d at 557.

parties.[19] The court of appeal found no manifest error in the trial court's finding that the accident caused Ursin's injury.[20]

These cases at best establish that the question of whether a plaintiff's physical injuries were caused by a car accident is a factual finding within the trial court's discretion and that courts should not measure the degree of injuries by looking at the force of the collision alone. Here, the trial court's conclusion that Layssard was not injured by the accident did not arise solely from its conclusion that the forces involved in the accident were minor. The trial court relied on Perry's testimony, which the court said "leaves the clear impression that Mr. Layssard's post-accident doctor's visits were part of an opportunistic scheme to get treatment for pre-existing injuries which were not, in fact, aggravated by the accident." The trial court also relied on testimony from witnesses indicating that Layssard did not mention being injured on the day of the accident, as well as Layssard's general credibility problems. The trial court thus did not clearly err in concluding that the accident did not cause Layssard's injuries or exacerbate pre-existing injuries.

*     *     *

The district court's judgment in favor of the defendant is AFFIRMED.

---

[19] *Id.* at p. 9; 979 So. 2d at 559.

[20] *Id.* at p. 9; 979 So. 2d at 560.